1  DAVID A. WOOD, #272406
   dwood@marshackhays.com
2  SARAH R. HASSELBERGER, #340640
   shasselberger@marshackhays.com
3  MARSHACK HAYS WOOD LLP
   870 Roosevelt
4  Irvine, California 92620
   Telephone: (949) 333-7777
5  Facsimile: (949) 333-7778

6  Attorneys for Chapter 7 Trustee,
   DAVID M. GOODRICH

7
              UNITED STATES BANKRUPTCY COURT
8
      CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION
9

10  In re                          Case No. 2:25-bk-16020-NB

11  LARRY JACK CALDWELL,           Chapter 7

12          Debtor.                MOTION FOR ORDER AUTHORIZING
                                   SALE OF CERTAIN ASSETS UNDER 11
13                                 U.S.C. § 363; MEMORANDUM OF
                                   POINTS AND AUTHORITIES;
14                                 DECLARATION OF DAVID M.
                                   GOODRICH AND REQUEST FOR
15                                 JUDICIAL NOTICE IN SUPPORT

16                                 Hearing:
                                   Date:      March 24, 2026
17                                 Time:      11:00 a.m.
                                   Ctrm:      1545
18                                 Location:  255 E. Temple Street
                                              Los Angeles, CA 90012
19

20

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27

28

─────────────────────────────────────────────────────────
        MOTION FOR ORDER AUTHORIZING SALE OF CERTAIN ASSETS

# TABLE OF CONTENTS

1.    Summary of Argument ...................................................................................................1

2.    Relevant Factual Background .........................................................................................1

3.    The Proposed Sale of the Assets ....................................................................................3

     A.    Estimated Distribution of Proceeds .................................................................3

     B.    Disclosure to the Debtor ..................................................................................3

4.    Summary of Terms of Sale .............................................................................................4

     A.    Proposed Overbid Procedures ..........................................................................6

5.    Legal Argument ..............................................................................................................7

A.    The sale of the Assets to Green, subject to overbid, meets the standard for approval of
     a sale under 11 U.S.C. § 363(b)(1). .................................................................................7

     i.    There is a sound business justification for the sale of the Assets as the
          proposed sale price is fair and reasonable.......................................................7

     ii.    Notice of the Trustee's intent to sell the Assets is proper..............................8

     iii.    The Sale of the Assets is made in good faith. ................................................9

     iv.    The Assets may be sold free and clear of all liens, claims, and interests under
          11 U.S.C. § 363(f)..........................................................................................9

     v.    Green is a good faith purchaser under 11 U.S.C. § 363(m)..........................10

     vi.    Tax consequences of the Sale .......................................................................11

     vii.    The 14-day period for effectiveness of the sale order should be waived under
          FRBP 6004(h). ..............................................................................................11

5.    Conclusion ....................................................................................................................11

Declaration of David M. Goodrich .........................................................................................13

Request for Judicial Notice.....................................................................................................17

MOTION FOR ORDER AUTHORIZING SALE OF CERTAIN ASSETS

# TABLE OF AUTHORITIES

**Cases**

*In re Abbotts Dairies of Pennsylvania, Inc.*,

788 F.2d 143, 147 (3rd Cir. 1986))...........................................................................10

*In re Continental Air Lines, Inc.*,

780 F.2d 1223, 1226 (5th Cir. 1986))..........................................................................8

*In re Ewell*,

958 F.2d 276, 281 (9th Cir. 1992) ............................................................................10

*In re Indus. Valley Refrigeration & Air Conditioning Supplies, Inc.*,

77 B.R. 15, 17 (Bankr. E.D. Pa. 1987) ...................................................................9, 10

*In re Slates*, 2012

Bankr. LEXIS 5159, at *31 (B.A.P. 9th Cir. 2012)......................................................7

*In re Suchy*,

786 F.2d 900, 902 (9th Cir. 1985) ............................................................................10

*In re Wilde Horse Enterprises, Inc.*,

136 B.R. 830, 842 (Bankr. C.D. Cal. 1991) ...............................................................9

*In re Wilde Horse Enters., Inc.*,

136 B.R. 830, 841 (Bankr. C.D. Cal. 1991) ...............................................................7

*Kham and Nate's Shoes No. 2 v. First Bank*,

908 F.2d 1351, 1355 (7th Cir. 1990) .......................................................................10

*Lahijani*,

325 B.R. at 287 .........................................................................................................8

*Lahijani*,

325 B.R. at 289 .........................................................................................................8

*McCarthy v. Goldman (In re McCarthy)*, 2008 Bankr. LEXIS 4688 at *56 (B.A.P. 9th Cir. 2008) ... 7

*Robert Green v. Paula Green*,

LASC Case No. 20STCV05251 .................................................................................2

*Simantob v. Claims Prosecutor, L.L.C. (In re Lahijani)*,

MOTION FOR ORDER AUTHORIZING SALE OF CERTAIN ASSETS

325 B.R. 282, 288 (B.A.P. 9th Cir. 2005) ......................................................................... 7

*Walter v. Sunwest Bank (In re Walter),*

83 B.R. 14, 19-20 (B.A.P. 9th Cir. 1988) ......................................................................... 8

Walter,

83 B.R. at 16 ......................................................................................................................... 8

**Statutes**

11 U.S.C. § 363(b)(1) ............................................................................................................ 7, 8

11 U.S.C. § 363(f)(3) ............................................................................................................ 10, 14

11 U.S.C. § 554(a) ................................................................................................................ 2, 21

Section 363(m) ...................................................................................................................... 10, 14

**Rules**

Fed. R. Bankr. P. 6004(f) (................................................................................................... 8

Fed. Rule Bank. Pro. 2002(c) ............................................................................................. 2, 21

FRBP 6004(h) ........................................................................................................................ 11

L.B.R. 6007-1 ........................................................................................................................ 2, 21

MOTION FOR ORDER AUTHORIZING SALE OF CERTAIN ASSETS

TO THE HONORABLE NEIL W. BASON, UNITED STATES BANKRUPTCY COURT JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, DEBTOR, AND ALL INTERESTED PARTIES:

David M. Goodrich, in his capacity as chapter 7 trustee of the bankruptcy estate of Larry Jack Caldwell ("Trustee"), submits this motion for order authorizing the sale of certain accounts receivable ("Motion"). In support of the Motion, the Trustee respectfully represents as follows:

## 1.    Summary of Argument

Under 11 U.S.C. § 363(b), a chapter 7 trustee may sell property of the estate if the proposed sale is in the best interest of creditors. Here, the Trustee seeks to sell certain Assets (defined below) to Matthew Green ("Buyer" or "Green"), for the purchase price of $55,825, subject to the overbid procedures outlined in this Motion. The Trustee has determined, in his business judgment, that it is in the best interest of the bankruptcy estate ("Estate") to administer the Assets through a sale to the Buyer. As such, the Trustee seeks approval to sell the Assets to the Buyer pursuant to 11 U.S.C. § 363, subject to overbid.

Prior to the filing of this Motion, the Trustee gave Debtor the opportunity match the offer contained in the offer from the Buyer, and allow him to be the stalking horse bidder. The Debtor requested an additional thirty (30) days, until March 24, 2026, to prepare his matching offer. The Trustee agreed to the additional time. However, since that extension, the Buyer indicated that it would pull his offer unless the Trustee captured March 24, 2026, as a hearing date. Given that the Debtor will have the opportunity to appear and place an overbid on March 24, 2026, the Trustee does not believe that the Debtor is prejudiced and will have the fully thirty (30) days that was agreed upon.

## 2.    Relevant Factual Background

On July 16, 2025 ("Petition Date"), the debtor, Larry Jack Caldwell ("Debtor") filed a voluntary petition for bankruptcy under Chapter 7 of Title 11 of the United States Code, commencing Case No. 2:25-bk-16020-MB ("Bankruptcy Case"). *See* Request for Judicial Notice ("RJN"), ¶1. David M. Goodrich was appointed as the chapter 7 trustee. *Id.*, ¶2.

On the Petition Date, the Debtor filed his schedules and statement of financial affairs ("Schedules")[1] *See* RJN, ¶3. In the Debtor's Schedules, he disclosed his ownership interest in various personal property assets, including accounts receivable described as "APPROXIMATELY $3,000 IN ACCOUNTS RECEIVABLE FOR WORK ALREADY PERFORMED.  I HAVE A JUDGMENT FOR APPROXIMATELY $145,500 IN ATTORNEYS' FEES AND COST, AND ADDITIONAL APPROXIMATELY $50,000 IN ATTORNEYS' FEES AND COSTS I HAVEN'T SOUGHT COURT APPROVAL OF YET IN LASC CASE NO. 20STCV05251 AGAINST ROBERT GREEN. ALL OTHER LEGAL WORK IS DONE ON A CONTINGENT FEE BASIS" ("Accounts Receivable") with a scheduled value of $148,000. *See* RJN, Ex. 1, pg. 19.

Additionally, in the Debtor's Statement of Financial Affairs, he disclosed his involvement as a party in the following lawsuit *Robert Green v. Paula Green*, LASC Case No. 20STCV05251 with the description of "Alleged Qui Tam Action. I am the assignee of a defense judgment in the action that currently has a value between $145,000 and $200,000, including atty's fees to date" ("Judgment"). *See* RJN, Ex. 1, pg. 54.

On October 7, 2025, as Docket No. 32, the Debtor filed Amended Schedules C.[2] *See* RJN, ¶5. In his Amended Schedule C, the Debtor claimed an exemption in the amount of $30,825.00 in the Accounts Receivable under California Code of Civil Procedure § 703.140(b)(5). *Id.*, Ex. 2, pg. 84.

On November 17, 2025, as Docket No. 45, the Trustee filed the Notice of Trustee's Intention to Abandon Personal Property of the Estate Pursuant to 11 U.S.C. § 554(a), Fed. Rule Bank. Pro. 2002(c) & L.B.R. 6007-1 ("Abandonment Notice"). *See* RJN, ¶7; *see also* Abandonment Not., Dk. No. 45. The Abandonment Notice sought to abandon certain personal property assets, including the Accounts Receivable, because the Trustee believed these assets to be burdensome and of inconsequential value to the Estate. *Id.* at pg. 1:22-27.

After filing the Abandonment Notice, the Trustee repeatedly stipulated to extend Green's deadline to respond or object the Abandonment Notice so that the Trustee and Green could negotiate

---

[1] A true and correct copy of the Schedules are attached to the RJN as **Exhibit "1."**
[2] A true and correct copy of the Amended Schedule C is attached to the RJN as **Exhibit "2."**

1    a sale of the Assets (defined below) to Green. *See* Dk. Nos. 49, 51, 53, 55, 59, 61, 65, 67, 71, 73.

2    On February 18, 2026, the Trustee and Green entered into the Asset Purchase Agreement

3    ("Asset Purchase Agreement") providing for the sale of the Assets (defined below) to Green for the

4    purchase price of $55,825.[3]

5    **3.    The Proposed Sale of the Assets**

6    **A.    Estimated Distribution of Proceeds**

7    The Trustee has determined that it is in the best interest of the Estate to proceed with the sale

8    of the Assets (defined below) to Green for the purchase price of $55,825 ("Purchase Price") subject

9    to the overbid procedures detailed below. *See* Goodrich Decl., ¶6. This Motion seeks to sell the

10   Assets on substantially the terms and conditions set forth in the Asset Purchase Agreement which

11   reflects the material terms agreed to between the Trustee and Green. *Id*. The Trustee and Green may

12   agree on minor, non-material changes to the Asset Purchase Agreement before the hearing on this

13   Motion. *Id*.

14   The Trustee does not seek to pay an agent any commission for the sale of the Assets. *See*

15   Goodrich Decl., ¶7. The Assets are unencumbered. *Id*. As a result, the sale of the Assets is expected

16   to result in net proceeds of approximately $25,000 for the Estate after payment of the Debtor's

17   claimed exemption in the Accounts Receivable in the amount of $31,950. *Id*. Again, to be clear, to

18   the extent that this Motion is granted, and a sale is achieved after auction, the Debtor will receive his

19   claimed exemption in the amount of $31,950.00. *Id.*

20   **B.    Disclosure to the Debtor**

21   The Trustee submits that the dispute between the Buyer, his sister Paula Green (who the

22   Debtor represents) can be best described as a "Hatfield vs. McCoy" blood feud. Goodrich Decl., ¶17.

23   The entire history is irrelevant to the instant matter, and, thus, the Trustee will not go into the

24   extensive pre-petition litigation history. *Id.*, ¶18. That being said, the Trustee has attempted to keep

25   the Debtor appraised in real time regarding the pending offer from the Buyer. *Id.*, ¶19. Indeed, the

26   Trustee provided the Debtor a copy of the APA (as defined below) on February 18, 2026, within

27

28   _____

[3] A true and correct copy of the Asset Purchase Agreement is attached to the Declaration of David
M. Goodrich ("Goodrich Decl.") as **Exhibit "3."**

days of it being received by the Trustee and his counsel. *Id.*, ¶20. The Trustee also gave the Debtor the opportunity to match the offer from non-estate funds, with the Buyer having the opportunity to overbid. *Id.*, ¶21.

On or about Monday, February 23, 2026, the Debtor requested approximately thirty days (30) to March 23, 2026, to decide whether to match with non-estate funds. *Id.*, ¶23. The Trustee agreed to a thirty (30) day period. *Id.*, ¶24. However, recently, the Trustee was informed that the Buyer would pull his pending offer if the Trustee did not capture the March 24, 2026, hearing date. *Id.*, ¶25. The Trustee has a fiduciary to all creditors, and believes in the philosophy of "a bird in hand is worth more then two in the bush." *Id.*, ¶26. Thus, the Trustee is moving forward with the instant sale motion, and, believes that the Debtor will not be prejudiced as he will have the ability to overbid at the March 24, 2026, hearing, and thus, had the full thirty (30) days the Trustee agreed to give. *Id.*, ¶27.

## 4.        Summary of Terms of Sale

THE DESCRIPTION BELOW CONSTITUTES A SUMMARY ONLY OF THE TERMS OF SALE UNDER THE AGREEMENT AND IS PROVIDED FOR CONVENIENCE AND EASE OF REFERENCE ONLY. THE SUMMARY IS NOT THE AGREEMENT. FOR THE COMPLETE TERMS OF THE AGREEMENT, REFER TO **EXHIBIT "3"** TO THE GOODRICH DECL.

The proposed terms of sale include the following:

1.    **The Assets**. The Buyer shall acquire, and the Trustee shall irrevocably and unconditionally sell, assign, transfer, and convey all of the Estate's rights, claims, and/or interests in all of the Debtor's accounts receivable including but not limited to the following:

   a.    Any and all rights, claims, and/or interests in any accounts receivable, whatsoever, owing (including those related to quantum meruit work) to the Debtor (and including any dba and/or sole proprietorship of the Debtor) by Paula R. Green (or any entity owned or controlled by Paula R. Green, or any successor, assign, and/or alias of Paula R. Green or any entity owned or controlled by Paula R. Green) and/or Dorothy Green (or Dorothy Green's estate, successors, or assigns), including but not limited to any and all of the Debtor's rights, claims, and/or interests in the asset listed in the Debtor's Schedule B in the Bankruptcy Case as: "APPROXIMATELY $3,000 IN ACCOUNTS RECEIVABLE FOR WORK ALREADY PERFORMED. I HAVE A JUDGMENT FOR APPROXIMATELY $145,500 IN ATTORNEYS'

FEES AND COST, AND ADDITIONAL APPROXIMATELY $50,000 IN ATTORNEYS' FEES AND COSTS I HAVEN'T SOUGHT COURT APPROVAL OF YET IN LASC CASE NO. 2OSTCVO525I AGAINST ROBERT GREEN. ALL OTHER LEGAL WORK IS DONE ON A CONTINGENT FEE BASIS." (previously defined as the "Accounts Receivable").

b.    The Debtor's rights, claims, and/or interests, if any, to any interpleaded funds in *Paula R. Green v. Warriner Green & Riley, et al*, Case No. 22STCV09969, pending before the Superior Court of California, County of Los Angeles ("Interpleaded Funds"); and

c.    The Judgment entered against Robert Green and in favor of Paula R. Green in *Robert Green v. Paula Green*, Case No. 20STCV05251 by the Superior Court of California, County of Los Angeles, which was subsequently assigned to the Debtor, and any and all alleged and potential claims related thereto (previously defined as the "Judgment") (collectively, the Accounts Receivable, the Interpleaded Funds, and the Judgment are defined as the "Assets").

2.    **Purchase Price**. The purchase price for the Assets shall be $55,825.00 (previously defined as the "Purchase Price"), subject to overbid procedures and approval by the Bankruptcy Court. Within five business days of the execution of the Asset Purchase Agreement, Green shall deposit $5,582.50 with the Trustee ("Deposit"), refundable only if (1) the conditions of the sale are not satisfied; (2) Green is not the successful bidder and buyer in the event overbids are received; and (3) the Asset Purchase Agreement, sale of the Assets, and the sale are not approved by the Court. If Green is the successful bidder, then Green shall deposit the balance of the Purchase Price within five business days of the hearing seeking Bankruptcy Court approval of the sale wherein Green is the successful bidder.

3.    **Breakup Fee**. Should Green not be the successful bidder for the purchase of the Assets, the Trustee shall pay Green $1,675.00 as compensation for Green's out-of-pocket due diligence fees and expenses incurred with the Asset Purchase Agreement.

4.    **Representations and Warranties**. The Trustee makes no representations or warranties whatsoever, express or implied, with respect to any matter relating to the Assets, and the Buyer will accept the Assets at closing "as-is, where-is" and "with all faults" without any representations or warranties, express or implied.

5.    **Free and Clear Sale**. The sale of the Assets shall be free and clear of any liens, claims, or encumbrances under 11 U.S.C. § 363(f).

6.    **Bankruptcy Court Approval**. The Trustee shall proceed diligently and expeditiously to file this Motion as soon as possible, but no later than ten days

following execution of the Asset Purchase Agreement, and seek the Bankruptcy Court's approval of the sale of the Assets to Buyer.

*See* Goodrich Decl., Ex. 3, pgs. 86-89.

## A.    Proposed Overbid Procedures

To ensure that the Estate receives the highest and best offer for the sale of the Assets, the Trustee shall solicit higher and better offers pursuant to the overbid procedures set forth below ("Overbid Procedures"):

1.    **Initial Overbid**. Any party wishing to submit an overbid must submit a minimum initial overbid of $62,500, which shall constitute a qualified overbid ("Initial Overbid"), no later than twenty four (24) hours before the hearing on the Motion.

2.    **Incremental Bid Increases**. After the Initial Overbid, all subsequent overbids shall be in increments of not less than $5,000 ("Bid Increment").

3.    **Form and Timing of Overbids**. All overbids must: (a) be in writing; (b) submitted to the Trustee's counsel, Marshack Hays Wood LLP, at 870 Roosevelt, Irvine, CA 92620, or at the following e-mail addresses: David A. Wood dwood@marshackhays.com and Sarah R. Hasselberger shasselberger@marshackhays.com, no later than seven (7) days before the hearing on the Motion; (c) state the proposed overbid price and identity of the proposed overbidder; and (d) otherwise be on the terms substantially similar to, or better than, the terms set forth in the Asset Purchase Agreement.

4.    **Auction at Sale Hearing**. If one or more qualified overbids are received, then the Trustee or the Bankruptcy Court shall conduct an auction at the hearing on the Sale Motion before the Bankruptcy Court ("Auction"). The opening bid at the Auction shall be the highest qualified written overbid received by the Trustee. The bidding shall proceed in the Bid Increments of $5,000, unless otherwise determined by the Court. The Auction will continue until the highest and best offer has been received.

5.    **Stalking Horse**. Buyer acknowledges and agrees that: (a) Buyer serves as the stalking horse bidder; and (b) Buyer may participate in the Auction and increase its bid.

6.    **Selection of Successful Bid**. At the conclusion of the Auction, the Trustee shall identify, and may request that the Bankruptcy Court approve, the highest and best bid ("Successful Bid"). If the Successful Bid is submitted by a bidder other than the Buyer, the Asset Purchase Agreement shall be amended to reflect the Successful Bidder as the buyer and the Successful Bid amount as the purchase price.

7.    **Backup Bidder**. The Trustee may designate the next-highest bidder as the backup bidder, whose offer shall remain open until the earlier of (a) closing of

6

a sale of the Claim to the Successful Bidder; or (b) 21 days after entry of a final, non-appealable order granting the Motion.

8.    **No Auction Without Qualified Overbids**. If no qualified overbids are received, then the Auction will not be held, and the Buyer shall remain the purchaser under the Asset Purchase Agreement at the $55,825 Purchase Price.

The Trustee believes that these Overbid Procedures are reasonable, and the bidding procedures, including the minimum overbid and the bidding increments, will not chill bidding. *See* Goodrich Decl., ¶8. *See McCarthy v. Goldman (In re McCarthy)*, 2008 Bankr. LEXIS 4688 at *56 (B.A.P. 9th Cir. 2008). The Trustee believes that the proposed sale is fair and reasonable and will ensure that the Estate realizes the highest possible sales price for the Assets. *See* Goodrich Decl., ¶9.

## 5.    Legal Argument

### A.    The sale of the Assets to Green, subject to overbid, meets the standard for approval of a sale under 11 U.S.C. § 363(b)(1).

A trustee "may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). The standards for approval of a sale pursuant to section 363(b)(1) require that the proponent of the sale establish that: "(1) a sound business purpose exists for the sale; (2) the sale is in the best interest of the estate, *i.e.*, the sale price is fair and reasonable; (3) notice to creditors was proper; and (4) the sale is made in good faith." *In re Slates*, 2012 Bankr. LEXIS 5159, at *31 (B.A.P. 9th Cir. 2012) citing *In re Wilde Horse Enters., Inc.*, 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991).

As discussed more fully below, the Trustee's proposed sale of the Assets to Green, subject to the Overbid Procedures, meets each of these requirements.

#### i.    There is a sound business justification for the sale of the Assets as the proposed sale price is fair and reasonable.

"The court's obligation in § 363(b) sales is to assure that optimal value is realized by the estate under the circumstances." *Simantob v. Claims Prosecutor, L.L.C. (In re Lahijani)*, 325 B.R. 282, 288 (B.A.P. 9th Cir. 2005). To sell property of the estate outside of the ordinary course of business, "there must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business . . . whether the proffered business justification is

1  sufficient depends on the case." *Walter v. Sunwest Bank (In re Walter)*, 83 B.R. 14, 19-20 (B.A.P.

2  9th Cir. 1988) (adopting the language of *In re Continental Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th

3  Cir. 1986)).

4          The court should approve a sale of property under section 363(b)(1) if the trustee has

5  established a sound business purpose for the proposed transaction. *In re Walter*, 83 B.R. at 16; *In re*

6  *Wilde Horse Enterprises, Inc.*, 136 B.R. at 841 ("In any sale of estate assets, the ultimate purpose is

7  to obtain the highest price for the property sold"). The business judgment standard is deferential.

8  *Lahijani*, 325 B.R. at 289 ("Ordinarily, the position of the trustee is afforded deference, particularly

9  where business judgment is entailed in the analysis or where there is no objection"). Causes of action

10 owned by the trustee are intangible items of property of the estate that may be sold. *Id*. at 287.

11         In this case, the Trustee's decision to sell the Assets to Green is supported by sound business

12 judgment because the sale price is fair and the sale will generate cash proceeds for the Estate. *See*

13 Goodrich Decl., ¶9. The Trustee does not seek to pay an agent any commission for the sale of the

14 Assets. *Id*., ¶7. The Assets are unencumbered. *Id*. As a result, the sale of the Assets is expected to

15 result in net proceeds of approximately $25,000 for the Estate after payment of the Debtor's claimed

16 exemption in the Accounts Receivable in the amount of $31,950.00. *Id*.

17         While the sale of the Assets has not been extensively marketed, the Auction process will

18 ensure that the highest price is obtained for the sale of the Assets. *Lahijani*, 325 B.R. at 287

19 ("Objections to sale that are based on inadequacy of price are often resolved by the court ordering at

20 auction, which may occur in open court"); *see also*, Fed. R. Bankr. P. 6004(f) (providing that sales

21 outside the ordinary course of business be conducted by private sale or public auction). As a result,

22 the Trustee maintains that the price is reasonable and in the best interest of the Estate. *See* Goodrich

23 Decl., ¶9. Thus, the Trustee believes that the proposed sale price for the sale of the Assets is fair and

24 reasonable. *Id*.

25         **ii.        Notice of the Trustee's intent to sell the Assets is proper.**

26         As set forth above, the Trustee must give notice of any sale of property of the estate. *See* 11

27 U.S.C. § 363(b)(1). In the instant matter, the Trustee will give notice to the Debtor, the United States

28 Trustee, all known creditors, and any other prospective buyers regarding the Trustee's intent to sell

the Assets to Green, subject to court approval, as set forth in the Agreement. *See* Goodrich Decl.,

¶12. Service of this Motion is proper and constitutes adequate and reasonable notice. *Id*. Moreover,

notice of the Auction and bidding procedures will be published on the website for the U.S.

Bankruptcy Court for the Central District of California. *Id*. As a result, the Trustee believes that

notice has been properly given. *Id*.

### iii.    The Sale of the Assets is made in good faith.

"Good faith encompasses fair value, and further speaks to the integrity of the transaction." *In re Wilde Horse Enterprises, Inc.*, 136 B.R. 830, 842 (Bankr. C.D. Cal. 1991) (internal quotation marks omitted). Bad faith includes collusion between buyer and seller or otherwise taking unfair advantage of other potential purchasers, such as a collusive insider transaction. *Id.*; *see also In re Indus. Valley Refrigeration & Air Conditioning Supplies, Inc.*, 77 B.R. 15, 17 (Bankr. E.D. Pa. 1987).

The sale of the Assets was negotiated between the Trustee and Green at arm's length through their respective counsel. *See* Goodrich Decl., ¶12. There is absolutely no fraud or collusion present here. *Id*. As a result, the Trustee believes that the sale of the Assets is made in good faith.

### iv.    The Assets may be sold free and clear of all liens, claims, and interests under 11 U.S.C. § 363(f).

Section 363(f) allows a trustee to sell property of the bankruptcy estate "free and clear of any interest in such property of an entity," if any one of the following five conditions is met:

> (1) Applicable non-bankruptcy law permits a sale of such property free and clear of such interest;
> (2) Such entity consents;
> (3) Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> (4) Such interest is in bona fide dispute; or
> (5) Such entity could be compelled, in a legal or equitable proceeding, to accept money satisfaction of such interest.

11 U.S.C. § 363(f).

Here, the Trustee seeks to sell the Assets free and clear of all liens, claims, and interests under 11 U.S.C. § 363(f)(3). *See* Goodrich Decl., ¶13. There are no liens secured by the Assets. *Id*. As such, Green's initial bid for the sale the Assets, $55,825, is greater than the aggregate value of all

1  liens on such property, $0.00. *Id*. Thus, the Court may authorize the sale of the Assets free and clear

2  of all liens, claims, and interests under 11 U.S.C. § 363(f)(3).

3  ### v.  Green is a good faith purchaser under 11 U.S.C. § 363(m).

4  "Though the Bankruptcy Code and Rules do not provide a definition of good faith, courts

5  generally have followed traditional equitable principles in holding that a good faith purchaser is one

6  who buys 'in good faith' and 'for value.'" *In re Ewell*, 958 F.2d 276, 281 (9th Cir. 1992) (citing *In*

7  *re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143, 147 (3rd Cir. 1986)). Lack of good faith may

8  be shown by "fraud, collusion between the purchaser and other bidders or the trustee, or an attempt

9  to take grossly unfair advantage of other bidders." *In re Ewell*, 958 F.2d 276, 281 (9th Cir. 1992)

10 (quoting *In re Suchy*, 786 F.2d 900, 902 (9th Cir. 1985)); *see also In re Indus. Valley Refrigeration*

11 *& Air Conditioning Supplies, Inc.*, 77 B.R. 15, 17 (Bankr. E.D. Pa. 1987) (good faith requirement

12 "focuses principally on the element of special treatment of the debtor's insiders in the sale

13 transaction").

14 A good faith purchaser of property is protected from the effects of reversal of the order

15 authorizing a sale if the trial court finds that the purchaser acted in good faith and the aggrieved

16 party fails to obtain a stay of the sale order. In essence, the purpose of Section 363(m) is to disable

17 courts from backtracking on promises with respect to bankruptcy sales in the absence of bad faith.

18 *Kham and Nate's Shoes No. 2 v. First Bank*, 908 F.2d 1351, 1355 (7th Cir. 1990).

19 In this case, the proposed sale of the Assets is not predicated on fraud or collusion. *See*

20 Goodrich Decl., ¶12. While the sale of the Assets is to Green, a general unsecured creditor of the

21 Debtor, and not a neutral third party, Green has not received any special treatment. *Id*. While there is

22 deep animosity between Green and the Debtor, that has no bearing whether the Trustee negotiated

23 the sale contemplated herein in good faith, nor that Green can be determined good faith purchaser

24 under 11 U.S.C. § 363(m). *Id.*, ¶12.

25 Based upon the foregoing, and to the best of the Trustee's knowledge, the Trustee submits

26 that the Motion satisfies the standards for approval of a sale of the Assets outside of the ordinary

27 course of business pursuant to 11 U.S.C. § 363(b), and good cause exists to make a finding that

28 Green or any overbidder is purchasing the Assets in "good faith" pursuant to 11 U.S.C. § 363(m).

*See* Goodrich Decl., ¶14. If Green is not the successful bidder, then the Trustee shall supplement the record with a subsequent declaration for the successful bidder. *Id.*

### vi.    Tax consequences of the Sale

The Trustee does not believe that there are any negative tax consequences to the sale contemplated herein. *See* Goodrich Decl., ¶15.

### vii.    The 14-day period for effectiveness of the sale order should be waived under FRBP 6004(h).

FRBP 6004(h) provides that "An order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). The legislative history to Rule 6004 provides:

> The court may, in its discretion, order that Rule 6004(g) [now 6004(h)] is not applicable so that the property may be used, sold, or leased immediately in accordance with the order entered by the court. Alternatively, the court may order that the stay under Rule 6004(g) [now 6004(h)] is for a fixed period less than 10 [now 14] days.

Given the notice and full opportunity to object, respond, or participate in the Overbid Procedures presented by this Motion, the Trustee believes that it is appropriate and good cause exists for the Court to order that FRBP 6004(h) is not applicable, and the Assets may be sold immediately. *See* Goodrich Decl., ¶16. Accordingly, Trustee requests that the Court authorize the sale to be effectuated immediately upon entry of the order approving this Motion.

## 5.    Conclusion

Based on the foregoing, the Trustee respectfully requests that the Court enter an order that provides that:

1.    The Motion is granted;

2.    The proposed Overbid Procedures are approved;

3.    The Trustee is authorized to sell the Assets outside the ordinary course of business under 11 U.S.C. § 363(b);

4.    The Trustee is authorized to sign all documents necessary to consummate the sale of the Assets, including, but not limited to the Asset Purchase Agreement;

MOTION FOR ORDER AUTHORIZING SALE

5.      The sale of the Assets is free and clear of all liens, claims, and interests pursuant to 11 U.S.C. § 363(f)(3);

6.      Green is a good faith purchaser of the Assets, entitled to the protections set forth in 11 U.S.C.§ 363(m);

7.      The sale of the Assets shall be "as-is" and "where-is" with all faults and without warranty, representation, or recourse whatsoever;

8.      The 14-day stay regarding the effectiveness of the order under FRBP 6004(h) shall be waived;

9.      This Court retains jurisdiction: (a) to interpret, enforce, and implement the terms and provisions of this sale; and (b) to resolve any disputes arising under or related to this order; and

10.      Such other further relief as the Court may deem just and proper.

DATED: March 3, 2026                    MARSHACK HAYS WOOD LLP

By: _/s/ David A. Wood_____
        DAVID A. WOOD
        SARAH R. HASSELBERGER
        Attorneys for Chapter 7 Trustee,
        DAVID M. GOODRICH

MOTION FOR ORDER AUTHORIZING SALE

# Declaration of David M. Goodrich

I, DAVID M. GOODRICH, declare as follows:

1.      I am the duly appointed chapter 7 trustee for the bankruptcy estate of Larry Jack Caldwell ("Trustee").

2.      I have personal knowledge of the matters set forth herein, and if called upon as a witness, I could and would competently testify thereto.

3.      I make this declaration in support of my Motion for Order Authorizing Sale of Certain Assets Under 11 U.S.C. § 363 ("Motion").

4.      All terms not defined herein are used as they are defined in the Motion.

5.      A true and correct copy of the fully executed Asset Purchase Agreement ("Asset Purchase Agreement") between me and Matthew Green ("Green" or "Buyer") is attached here as **Exhibit "3."**

6.      I have determined that it is in the best interest of the Estate to proceed with the existing sale of the Assets to Green for the sum of $55,825, subject to the Overbid Procedures outlined in the Motion. The Motion seeks to sell the Assets on substantially the terms and conditions set forth in the Asset Purchase Agreement which reflects the material terms agreed to between me and Green. Green and I may agree on minor, non-material changes to the Asset Purchase Agreement before the hearing on the Motion.

7.      I do not seek to pay an agent any commission for the sale of the Assets. The Assets are unencumbered. As a result, the sale of the Assets is expected to result in net proceeds of approximately $25,000 for the Estate after payment of the Debtor's claimed exemption in the Accounts Receivable in the amount of $31,950. Again, to be clear, to the extent that this Motion is granted, and a sale is achieved after auction, the Debtor will receive his claimed exemption in the amount of $31,950.00.

8.      I propose setting the sale of the Assets subject to the Overbid Procedures detailed in the Motion. I believe that the requested Overbid Procedures are reasonable, and the bidding procedures, including the minimum overbid and the bidding increments, will not chill bidding.

9.      I believe that the proposed sale is fair and reasonable and will ensure that the Estate realizes the highest possible sales price for the Assets. My decision to sell the Assets to Green is supported by sound business judgment because the sale price is fair and the sale will generate cash proceeds for the Estate. Thus, the sale is in the best interest of the Estate.

10.     While the sale of the Assets has not been extensively marketed, the Auction process and Overbid Procedures will ensure that the highest price is obtained for the sale of the Assets.

11.      I will give notice to the Debtor, the United States Trustee, all known creditors, and any other prospective buyers regarding my intent to sell the Assets to Green, subject to court approval and the Overbid Procedures. Service of the Motion is proper and constitutes adequate and reasonable notice. Moreover, notice of the Auction and the Overbid Procedures will be published on the website for the U.S. Bankruptcy Court for the Central District of California. As a result, I believe that notice has been properly given.

12.     The sale of the Assets was negotiated between my counsel and Green's counsel at arms' length. There is absolutely no fraud or collusion presented here. I believe that the sale of the Assets is made in good faith. While the sale of the Assets is to Green, a general unsecured creditor of the Debtor, and not a neutral third party, Green has not received any special treatment. While there is deep animosity between Green and the Debtor, that has no bearing whether I negotiated the sale contemplated herein in good faith, nor that Green can be determined good faith purchaser under 11 U.S.C. § 363(m).

13.     I request a finding by this Court that the Assets is sold free and clear of all interests. There are no liens secured by the Assets. As such, Green's initial bid for the sale the Assets, $55,825, is greater than the aggregate value of all liens on such property, $0.00. Thus, I seek that this Court approve the proposed sale pursuant to 11 U.S.C. § 363(f)(3).

14.      To the best of my knowledge, I submit that the Motion satisfies the standards for approval of a sale of the Assets outside of the ordinary course of business pursuant to Section 363(b), and good cause exists to make a finding that Green or any overbidder is purchasing the Assets in "good faith" pursuant to Section 363(m). If Green is not the successful bidder, then I will supplement the record with a subsequent declaration for the successful bidder.

MOTION FOR ORDER AUTHORIZING SALE

1    15.    I do not believe that there are any negative tax consequences to the sale contemplated

2    herein.

3    *ΛΜ*

4    16.    Given the notice and full opportunity to object, respond, or participate in the Overbid

5    Procedures, I believe that it is appropriate and good cause exists for the Court to order that FRBP

6    6004(h) is not applicable, and the Assets may be sold immediately.

7    17.    I believe that the dispute between the Buyer, his sister Paula Green (who the

8    Debtor represents) can be best described as a "Hatfield vs. McCoy" blood feud.

9    18.    The entire history is irrelevant to the instant matter, and, thus, the Motion and my

10    declaration will not go into the extensive pre-petition litigation history.

11    19.    I have attempted to keep the Debtor appraised in real time regarding the pending offer

12    from the Buyer.

13    20.    My counsel and I provided the Debtor a copy of the Agreement on February 18,

14    2026, within days of it being received and revised by my counsel and myself.

15    21.    I also gave the Debtor the opportunity to match the offer from non-estate funds, with

16    the Buyer having the opportunity to overbid.

17    22.    On or about Monday, February 23, 2026, the Debtor requested approximately thirty

18    days (30) to March 23, 2026, to decide whether to match with non-estate funds.

19    23. I agreed to a thirty (30) day period.

20    24. However, recently, my counsel and I were informed that the Buyer would pull his

21    pending offer if the Trustee did not capture the March 24, 2026, hearing date.

22    25. I have a fiduciary to all creditors, and, generally, I believe in the philosophy of "a bird in

23    hand is worth more then two in the bush."

24    26. As a result., I am moving forward with the instant sale motion, and, believes that the

25    Debtor will not be prejudiced as he will have the ability to overbid at the March 24, 2026, hearing,

26    and thus, had the full thirty (30) days that I agreed to give.

27    I declare under penalty of perjury that the foregoing is true and correct. Executed on

28    February ____, 2026.

MOTION FOR ORDER AUTHORIZING SALE

1

2                                         DAVID M. GOODRICH

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR ORDER AUTHORIZING SALE

# Request for Judicial Notice

David M. Goodrich in his capacity as chapter 7 trustee of the bankruptcy estate of Larry Jack Caldwell ("Trustee"), hereby requests, pursuant to Federal Rule of Evidence 201, that this Court take judicial notice of the following:

1.      On July 16, 2025 ("Petition Date"), the debtor, Larry Jack Caldwell ("Debtor") filed a voluntary petition for bankruptcy under Chapter 7 of Title 11 of the United States Code, commencing Case No. 2:25-bk-16020-MB ("Bankruptcy Case").

2.      David M. Goodrich was appointed as the chapter 7 trustee.

3.      On the Petition Date, the Debtor filed his schedules and statement of financial affairs ("Schedules").

4.      A true and correct copy of the Schedules are attached here as **Exhibit "1."**

5.      On October 7, 2025, as Docket No. 32, the Debtor filed Amended Schedules C.

6.      A true and correct copy of the Amended Schedule C is attached here as **Exhibit "2."**

7.      On November 17, 2025, as Docket No. 45, the Trustee filed the Notice of Trustee's Intention to Abandon Personal Property of the Estate Pursuant to 11 U.S.C. § 554(a), Fed. Rule Bank. Pro. 2002(c) & L.B.R. 6007-1 ("Abandonment Notice").


DATED: March 3, 2026                    MARSHACK HAYS WOOD LLP

                                        By:   /s/ David A. Wood
                                              _____
                                              DAVID A. WOOD
                                              SARAH R. HASSELBERGER
                                              Attorneys for Chapter 7 Trustee,
                                              DAVID M. GOODRICH

MOTION FOR ORDER AUTHORIZING SALE

Exhibit "1"

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

Central District of California

Case number *(If known)*: _____

Chapter you are filing under:

Chapter 7
Chapter 11
Chapter 12
Chapter 13

Check if this is an amended filing

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy    06/24

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Identify Yourself

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1. Your full name**<br><br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br><br>Bring your picture identification to your meeting with the trustee. | LARRY<br>First name<br><br>JACK<br>Middle name<br><br>CALDWELL<br>Last name<br><br>_____<br>Suffix (Sr., Jr., II, III) | _____<br>First name<br><br>_____<br>Middle name<br><br>_____<br>Last name<br><br>_____<br>Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years**<br><br>Include your married or maiden names and any assumed, trade names and *doing business as* names.<br><br>Do NOT list the name of any separate legal entity such as a corporation, partnership, or LLC that is not filing this petition. | _____<br>First name<br><br>_____<br>Middle name<br><br>_____<br>Last name<br><br>CALDWELL LAW FIRM<br>Business name (if applicable) | _____<br>First name<br><br>_____<br>Middle name<br><br>_____<br>Last name<br><br>_____<br>Business name (if applicable) |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx - xx - 2024 | xxx - xx - _____ |

**Exhibit "1"**
**Page 18**

Debtor 1    LARRY        JACK        CARSON        Case number (*if known*) _____

First Name        Middle Name        Last Name

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **4. Your Employer Identification Number (EIN), if any.** | _____<br>EIN | _____<br>EIN |
| **5. Where you live** | | If Debtor 2 lives at a different address: |
| | 903 SEVENTH STREET<br>_____<br>Number        Street | _____<br>Number        Street |
| | APT 11<br>_____ | _____ |
| | SANTA MONICA        CA        90403<br>_____<br>City        State    ZIP Code | _____<br>City        State    ZIP Code |
| | LOS ANGELES-CA<br>_____<br>County | _____<br>County |
| | **If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address. | **If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address. |
| | _____<br>Number        Street | _____<br>Number        Street |
| | _____<br>P.O. Box | _____<br>P.O. Box |
| | _____<br>City        State    ZIP Code | _____<br>City        State    ZIP Code |
| **6. Why you are choosing *this district* to file for bankruptcy** | *Check one:*<br><br>☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br><br>☐ I have another reason. Explain.<br>(See 28 U.S.C. § 1408.)<br>_____ | *Check one:*<br><br>☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br><br>☐ I have another reason. Explain.<br>(See 28 U.S.C. § 1408.)<br>_____ |

**Exhibit "1"**
**Page 19**

Debtor 1  LARRY        JACK        CAMDEN                                    Case number (*if known*) _____

| First Name | Middle Name | Last Name |

---

| **Part 2:** | **Tell the Court About Your Bankruptcy Case** |

**7. The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy* (Form 2010)). Also, go to the top of page 1 and check the appropriate box.

☐ Chapter 7
☐ Chapter 11
☐ Chapter 12
☐ Chapter 13

**8. How you will pay the fee**

☐ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9. Have you filed for bankruptcy within the last 8 years?**

☐ No.
☐ Yes.  District _____  When _____  Case Number _____
                                           MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

☐ No.
☐ Yes.  Debtor _____  Relationship to you _____
         District _____  When _____  Case Number, if known _____
                                           MM / DD / YYYY

**11. Do you rent your residence?**

☐ No.    Go to line 12
☐ Yes.   Has your landlord obtained an eviction judgment against you?

         ☐ No    No. Go to line 12
         ☐ Yes.  Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

---

Exhibit "1"
Page 20

| Debtor 1 | LARRY | JACK | CANBILL | Case number (*if known*) |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

---

**Part 3:**   **Report About Any Businesses You Own as a Sole Proprietor**

**12.  Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

☐ No.  Go to Part 4.
☐ Yes. Name and location of business

_____
Name of business, if any

_____
Number        Street

_____

_____
City                                    State      ZIP Code

*Check the appropriate box to describe your business:*

☐  Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐  Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐  Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐  Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐  None of the above

**13.  Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines. If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).*

☐  No.  I am not filing under Chapter 11.

☐  No.  I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐  Yes. I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I do not choose to proceed under Subchapter V of Chapter 11.

☐  Yes. I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I choose to proceed under Subchapter V of Chapter 11.

---

**Part 4:**   **Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention**

**14.  Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

☐ No.
☐ Yes.  What is the hazard?         _____

If immediate attention is needed, why is it needed?    _____

Where is the property?    _____
Number        Street

_____

_____
City                            State    ZIP Code

---

**Exhibit "1"**
**Page 21**

| Debtor 1 | LARRY | JACK | CAMBELL | | Case number (*if known*) |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

---

| **Part 5:** | **Explain Your Efforts to Receive a Briefing About Credit Counseling** |
|---|---|

| | | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
|---|---|---|---|

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

*You must check one:*

**I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

**I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any

**I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy. If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

**I am not required to receive a briefing about credit counseling because of:**

**Incapacity.** I have a mental illness or a mental deficiency that makes meincapable of realizing or making rational decisions about finances.

**Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

**Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

---

*You must check one:*

**I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

**I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any

**I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy. If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

**I am not required to receive a briefing about credit counseling because of:**

**Incapacity.** I have a mental illness or a mental deficiency that makes meincapable of realizing or making rational decisions about finances.

**Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

**Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

---

**Exhibit "1"**
**Page 22**

| Debtor 1 | LARRY | JACK | CALDWELL | Case number (*if known*) |
|----------|-------|------|----------|---------------------------|
| | First Name | Middle Name | Last Name | |

---

**Part 6:**    **Answer These Questions for Reporting Purposes**

**16. What kind of debts do you have?**

16a. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.
☐ Yes. Go to line 17

16b. **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.
☐ Yes. Go to line 17

16c. State the type of debts you owe that are not consumer debts or business debts.

_____

---

**17. Are you filing under Chapter 7?**

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☐ No. I am not filing under Chapter 7. Go to line 18

☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No
☐ Yes

---

**18. How many creditors do you estimate that you owe?**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

**19. How much do you estimate your assets to be worth?**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

**20. How much do you estimate your liabilities to be?**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

**Part 7:**    **Sign Below**

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

X _____     X _____
Signature of Debtor 1                          Signature of Debtor 2

Executed on  07/15/2025                       Executed on  _____
MM / DD / YYYY                                 MM / DD / YYYY

---

**Exhibit "1"**
**Page 23**

Debtor 1    LARRY          JACK          CABUHAT

        First Name          Middle Name          Last Name          Case number (*if known*) _____

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

**X** _____        Date _____

    Signature of Attorney for Debtor          MM / DD / YYYY

_____
Printed name

_____
Firm name

_____
Number      Street

_____
City          State      ZIP Code

Contact phone _____    Email address _____

_____
Bar number          State

**Exhibit "1"**

**Page 24**

| Debtor 1 | LARRY | JACK | CALDWELL | Case number (*if known*) |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

**For you if you are filing this bankruptcy without an attorney**

**If you are represented by an attorney, you do not need to file this page.**

The law allows you, as an individual, to represent yourself in bankruptcy court, but **you should understand that many people find it extremely difficult to represent themselves successfully. Because bankruptcy has long-term financial and legal consequences, you are strongly urged to hire a qualified attorney.**

To be successful, you must correctly file and handle your bankruptcy case. The rules are very technical, and a mistake or inaction may affect your rights. For example, your case may be dismissed because you did not file a required document, pay a fee on time, attend a meeting or hearing, or cooperate with the court, case trustee, U.S. trustee, bankruptcy administrator, or audit firm if your case is selected for audit. If that happens, you could lose your right to file another case, or you may lose protections, including the benefit of the automatic stay.

You must list all your property and debts in the schedules that you are required to file with the court. Even if you plan to pay a particular debt outside of your bankruptcy, you must list that debt in your schedules. If you do not list a debt, the debt may not be discharged. If you do not list property or properly claim it as exempt, you may not be able to keep the property. The judge can also deny you a discharge of all your debts if you do something dishonest in your bankruptcy case, such as destroying or hiding property, falsifying records, or lying. Individual bankruptcy cases are randomly audited to determine if debtors have been accurate, truthful, and complete. **Bankruptcy fraud is a serious crime; you could be fined and imprisoned.**

If you decide to file without an attorney, the court expects you to follow the rules as if you had hired an attorney. The court will not treat you differently because you are filing for yourself. To be successful, you must be familiar with the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules of the court in which your case is filed. You must also be familiar with any state exemption laws that apply.

Are you aware that filing for bankruptcy is a serious action with long-term financial and legal consequences?

    No

    Yes

Are you aware that bankruptcy fraud is a serious crime and that if your bankruptcy forms are inaccurate or incomplete, you could be fined or imprisoned?

    No

    Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out your bankruptcy forms?

    No

    Yes.    Name of Person _____

        Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

By signing here, I acknowledge that I understand the risks involved in filing without an attorney. I have read and understood this notice, and I am aware that filing a bankruptcy case without an attorney may cause me to lose my rights or property if I do not properly handle the case.

X _____    X _____
Signature of Debtor 1                   Signature of Debtor 2

Date    07/15/2025                      Date    _____
        MM / DD / YYYY                          MM / DD / YYYY

Contact phone    310-689-9769           Contact phone    _____

Cell phone    310-689-9769              Cell phone    _____

Email address    larry.caldwell@caldwellfirm.net    Email address    _____

**Exhibit "1"**
**Page 25**

| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | LARRY JACK CALDWELL | |
| | First Name    Middle Name    Last Name | |
| Debtor 2 (Spouse, if filing) | | |
| | First Name    Middle Name    Last Name | |
| United States Bankruptcy Court for the: | Central District of California | |
| Case number (If known) | | |

Check if this is an amended filing

Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

**If two married people are filing together, both are equally responsible for supplying correct information.**

**You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Sign Below

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

No

Yes.  Name of person _____ . *Attach Bankruptcy Petition Preparer's Notice, Declaration, and Signature (Official Form 119).*

**Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.**

X _____          X _____
Signature of Debtor 1                                     Signature of Debtor 2

Date 07/15/2025                                              Date _____
MM / DD / YYYY                                              MM / DD / YYYY

**Exhibit "1"**
**Page 26**

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | LARRY | JACK | CALDWELL |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | | | |
| | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:  Central District of California

Case number (If known) _____

Check if this is an amended filing

## Official Form 106Sum

## Summary of Your Assets and Liabilities and Certain Statistical Information     12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new Summary and check the box at the top of this page.

### Part 1:    Summarize Your Assets

| | Your assets Value of what you own |
|---|---|
| 1.  *Schedule A/B: Property* (Official Form 106A/B) | |
| 1a. Copy line 55, Total real estate, from *Schedule A/B* ........................................ | $ 0.00 |
| 1b. Copy line 62, Total personal property, from *Schedule A/B* .............................. | $ 175,400.00 |
| 1c. Copy line 63, Total of all property on *Schedule A/B* ....................................... | $ 175,400.00 |

### Part 2:    Summarize Your Liabilities

| | Your liabilities Amount you owe |
|---|---|
| 2.  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D) | |
| 2a. Copy the total you listed in Column A, *Amount of claim*, at the bottom of the last page of Part 1 of *Schedule D* ........ | $ 27,833.00 |
| 3.  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F) | |
| 3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F* ........................................ | $ |
| 3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F* .............................. | + $ 945,512.00 |
| **Your total liabilities** | $ 973,345.00 |

### Part 3:    Summarize Your Income and Expenses

| | |
|---|---|
| 4.  *Schedule I: Your Income* (Official Form 106I) | |
| Copy your combined monthly income from line 12 of *Schedule I* .......................................... | $ 1,000.00 |
| 5.  *Schedule J: Your Expenses* (Official Form 106J) | |
| Copy your monthly expenses from line 22c of *Schedule J* .................................................... | $ 2,515.00 |

**Exhibit "1"**
**Page 27**

| Debtor 1 | LARRY | JACK | CAMPBELL | Case number (if known) | |
|----------|-------|------|----------|------------------------|--|
| | First Name | Middle Name | Last Name | | |

---

**Part 4:**    **Answer These Questions for Administrative and Statistical Records**

6. **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

   No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

   Yes

7. **What kind of debt do you have?**

   **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

   **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

8. **From the *Statement of Your Current Monthly Income:* Copy** your total current monthly income from Official Form 122A-1 Line 11; **OR,** Form 122B Line 11; **OR,** Form 122C-1 Line 14.

   $ _____

9. **Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F:***

| From Part 4 on *Schedule E/F*, copy the following: | Total claim |
|-----------------------------------------------------|-------------|
| 9a. Domestic support obligations. (Copy line 6a.) | $ _____ |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ _____ |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ _____ |
| 9d. Student loans. (Copy line 6f.) | $ _____0.00 |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ _____0.00 |
| 9f.  Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | + $ _____0.00 |
| 9g. **Total.** Add lines 9a through 9f. | $ _____0.00 |

**Exhibit "1"**
**Page 28**

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | LARRY | JACK | CALDWELL |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | | | |
| | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: Central District of California

Case number (if known) _____

Check if this is an amended filing

Official Form 106A/B

# Schedule A/B: Property

12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

   No. Go to Part 2.

   Yes. Where is the property?

   | | **What is the property?** Check all that apply. | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
   |---|---|---|

   _____

   Street address, if available, or other description

   _____

   _____

   _____
   City          State    ZIP Code

   _____
   County

   **What is the property?** Check all that apply.
   Single-family home
   Duplex or multi-unit building
   Condominium or cooperative
   Manufactured or mobile home
   Land
   Investment property
   Timeshare
   Other _____

   **Who has an interest in the property?** Check one.
   Debtor 1 only
   Debtor 2 only
   Debtor 1 and Debtor 2 only
   At least one of the debtors and another

   **Other information you wish to add about this item, such as local property identification number:**

   _____

   **Current value of the entire property?**    **Current value of the portion you own?**
   $ _____    $ _____

   **Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

   _____

   Check if this is community property (see instructions)

2. **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here.** ........................... ➔    $            0.00

**Part 2:    Describe Your Vehicles**

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

   No

   Yes

**Exhibit "1"
Page 29**

Debtor 1    LARRY            JACK            CALDWELL                    Case number (*if known*)
_____
First Name        Middle Name        Last Name

| 3.1 | Make: | HONDA | | Who has an interest in the property? Check one. | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|---|---|

3.1

Make: HONDA

Model HRV SPORT

Year: 2024

Approximate mileage: 33000

Other information:

THE CAR IS SUBJECT TO A SECURED PURCHASE LOAN OF APPROXIMATELY $28,000, SO MY NET EQUITY IN THE CAR IS ZERO OR LESS.

**Who has an interest in the property?** Check one.

Debtor 1 only
Debtor 2 only
Debtor 1 and Debtor 2 only
At least one of the debtors and another

**Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**     **Current value of the portion you own?**

$ _____25,000.00     $ _____25,000.00

4.  **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
    *Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

    No
    Yes

Make: _____

Model _____

Year: _____

Other information:

**Who has an interest in the property?** Check one.

Debtor 1 only
Debtor 2 only
Debtor 1 and Debtor 2 only
At least one of the debtors and another

**Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**     **Current value of the portion you own?**

$ _____     $ _____

5.  **Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here.** ......................................................➔    $ _____25,000.00

**Exhibit "1"**
**Page 30**

| Debtor 1 | LARRY | JACK | CALMANN | Case number (*if known*) | |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

---

**Part 3:** **Describe Your Personal and Household Items**

| Do you own or have any legal or equitable interest in any of the following items? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**6. Household goods and furnishings**

*Examples:* Major appliances, furniture, linens, china, kitchenware

No

Yes. Describe. ....... CLOTHING

$ 1,000.00

**7. Electronics**

*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games

No

Yes. Describe. ...... YAMAHA DIGITAL PIANO, SHURE MICROPHONE, MICROPHONE STAND, AUDIO INTERFACE FOR COMPUTER, IPAD

$ 700.00

**8. Collectibles of value**

*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles

No

Yes. Describe. .......

$ _____

**9. Equipment for sports and hobbies**

*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

No

Yes. Describe. .......

$ _____

**10. Firearms**

*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment

No

Yes. Describe. .......

$ _____

**11. Clothes**

*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories

No

Yes. Describe. .......

$ _____

**12. Jewelry**

*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver

No

Yes. Describe. .......

$ _____

---

**Exhibit "1"**
**Page 31**

Debtor 1    LARRY         JACK         CALDWELL              Case number (*if known*) _____
            First Name    Middle Name  Last Name

---

13. **Non-farm animals**

   *Examples:* Dogs, cats, birds, horses

      No

      Yes. Describe. .......   [                              ]    $ _____

14. **Any other personal and household items you did not already list, including any health aids you did not list**

      No

      Yes. Give specific
      information. ..........   [                              ]    $ _____

15. **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here.** ...............................................➔   $ _____1,700.00

---

**Exhibit "1"**
**Page 32**

Debtor 1    LARRY _____ JACK _____ CALUSA _____    Case number (*if known*) _____

First Name      Middle Name      Last Name

---

| **Part 4:** | **Describe Your Financial Assets** |
|---|---|

| Do you own or have any legal or equitable interest in any of the following? | **Current value of the portion you own?** Do not deduct secured claims or exemptions. |
|---|---|

**16. Cash**

*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

No

Yes ...................................................................................................................... Cash: ................. $ _____

**17. Deposits of money**

*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

No

Yes....................        Institution name:

_____  $ _____

**18. Bonds, mutual funds, or publicly traded stocks**

*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

No

Yes....................    Institution or issuer name:

_____  $ _____

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

No

Yes. Give specific information about them .....................    Name of entity:                    % of ownership:

_____   0 %   $ _____

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**

*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

No

Yes. Give specific information about them .....................    Issuer name:

_____  $ _____

**21. Retirement or pension accounts**

*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

No

Yes. List each account separately.    Type of account:        Institution name:

_____  $ _____

---

**Exhibit "1"**
**Page 33**

Debtor 1   LARRY      JACK      CALVILLO      Case number (*if known*) _____

| First Name | Middle Name | Last Name |

---

22. **Security deposits and prepayments**

Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

    No

    Yes...........................   Institution name or individual:

    _____   $ _____

---

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

    No

    Yes...........................   Issuer name and description:

    _____   $ _____

---

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

    No

    Yes...........................   Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

    _____   $ _____

---

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

    No

    Yes. Give specific
    information about them .....   [_____]   $ _____

---

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**

    *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

    No

    Yes. Give specific
    information about them .....   [_____]   $ _____

---

27. **Licenses, franchises, and other general intangibles**

    *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

    No

    Yes. Give specific
    information about them .....   [_____]   $ _____

---

**Money or property owed to you?**                                                      **Current value of the portion you own?**
Do not deduct secured claims or exemptions.

---

28. **Tax refunds owed to you**

    No

    Yes. Give specific information
    about them, including whether
    you already filed the returns
    and the tax years. ....................   [_____]   Federal:   $ _____
                                                                  State:   $ _____
                                                                  Local:   $ _____

---

**Exhibit "1"**
**Page 34**

| Debtor 1 | LARRY | JACK | CALDERON | Case number (*if known*) _____ |
| | First Name | Middle Name | Last Name | |

---

29. **Family support**

*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

☐ No

☐ Yes. Give specific information. ........

| | |
|---|---|
| | Alimony: $ _____ |
| | Maintenance: $ _____ |
| | Support $ _____ |
| | Divorce Settlement: $ _____ |
| | Property Settlement: $ _____ |

30. **Other amounts someone owes you**

*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else

☐ No

☐ Yes. Give specific information. ........        $ _____

31. **Interests in insurance policies**

*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

☐ No

☐ Yes. Name the insurance company of each policy and list its value. ....   Company name: _____   Beneficiary: _____        $ _____

32. **Any interest in property that is due you from someone who has died**

If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

☐ No

☐ Yes. Give specific information. ........        $ _____

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**

*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

☐ No

☐ Yes. Give specific information. ........        $ _____

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

☐ No

☐ Yes. Give specific information. ........        $ _____

35. **Any financial assets you did not already list**

☐ No

☐ Yes. Give specific information. ........        $ _____

36. **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here** .................................... →    $ _____ 0.00

---

**Exhibit "1"**
**Page 35**

Debtor 1    LARRY          JACK          CALMAIN                              Case number (*if known*) _____

First Name      Middle Name      Last Name

---

**Part 5:**    **Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.**

37. **Do you own or have any legal or equitable interest in any business-related property?**

    No. Go to Part 6.

    Yes. Go to line 38.

| | **Current value of the portion you own?** Do not deduct secured claims or exemptions. |
|---|---|

38. **Accounts receivable or commissions you already earned**

    No

    Yes. Describe .......

| APPROXIMATELY $3,000 IN ACCOUNTS RECEIVABLE FOR WORK ALREADY PERFORMED.  I HAVE A JUDGMENT FOR APPROXIMATELY $145,500 IN ATTORNEYS' FEES AND COST, AND ADDITIONAL APPROXIMATELY $50,000 IN ATTORNEYS' FEES AND COSTS I HAVEN'T SOUGHT COURT APPROVAL OF YET IN LASC CASE NO. 20STCV05251 AGAINST ROBERT GREEN.  ALL OTHER LEGAL WORK IS DONE ON A CONTINGENT FEE BASIS. | $ 148,000.00 |
|---|---|

39. **Office equipment, furnishings, and supplies**

    *Examples:*  Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices

    No

    Yes. Describe .......

| 2 used Macbook Pro computers; brother printer and office supplies like 3-hole punch, 2-hole punch, paper, binders, etc. | $ 700.00 |
|---|---|

40. **Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**

    No

    Yes. Describe .......

| | $ _____ |
|---|---|

41. **Inventory**

    No

    Yes. Describe .......

| | $ _____ |
|---|---|

42. **Interests in partnerships or joint ventures**

    Yes. Describe .......    Name of entity:                          % of ownership:

    _____    0 %    $ _____

43. **Customer lists, mailing lists, or other compilations**

    No

    Yes. **Do your lists include personally identifiable information** (as defined in 11 U.S.C. § 101(41A))**?**

        No

        Yes. Describe .......

| | $ _____ |
|---|---|

44. **Any business-related property you did not already list**

    No

    Yes. Give specific information ...........

    _____    $ _____

**Exhibit "1"**
**Page 36**

Debtor 1    LARRY          JACK          CALDWELL          Case number (*if known*) _____
First Name     Middle Name     Last Name

45. **Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached
for Part 5. Write that number here** ...................................................................................................................... ➔    $            148,700.00

Exhibit "1"
Page 37

| Debtor 1 | LARRY | JACK | CALVIN | | Case number (if known) | |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

---

**Part 6:**   **Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.**
If you own or have an interest in farmland, list it in Part 1.

46.   **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

☐ No. Go to Part 7.
☐ Yes. Go to line 47.

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

47.   **Farm animals**

*Examples:* Livestock, poultry, farm-raised fish

☐ No
☐ Yes ..................      $ _____

48.   **Crops—either growing or harvested**

☐ No
☐ Yes. Give specific information ..........      $ _____

49.   **Farm and fishing equipment, implements, machinery, fixtures, and tools of trade**

☐ No
☐ Yes ..................      $ _____

50.   **Farm and fishing supplies, chemicals, and feed**

☐ No
☐ Yes ..................      $ _____

51.   **Any farm- and commercial fishing-related property you did not already list**

☐ No
☐ Yes. Give specific information ..........      $ _____

52.   **Add the dollar value of all of your entries from Part 6, including any entries for pages you have attached for Part 6. Write that number here** ....................................................................................   ➔   $ _____

**Exhibit "1"**
**Page 38**

Debtor 1    LARRY           JACK            CALDWELL                          Case number *(if known)* _____
      First Name        Middle Name      Last Name

---

| Part 7: | Describe All Property You Own or Have an Interest in That You Did Not List Above |
|---|---|

**53. Do you have other property of any kind you did not already list?**

*Examples:* Season tickets, country club membership

☐ No

☐ Yes. Give specific
information ..........

_____    $ _____

**54. Add the dollar value of all of your entries from Part 7. Write that number here** ..................... ➔   $ _____ 0.00

---

| Part 8: | List the Totals of Each Part of this Form |
|---|---|

**55. Part 1: Total real estate, line 2** ............................................................................ ➔   $ _____ 0.00

**56. Part 2: Total vehicles, line 5**          $ _____ 25,000.00

**57. Part 3: Total personal and household items, line 15**          $ _____ 1,700.00

**58. Part 4: Total financial assets, line 36**          $ _____ 0.00

**59. Part 5: Total business-related property, line 45**          $ _____ 148,700.00

**60. Part 6: Total farm- and fishing-related property, line 52**          $ _____

**61. Part 7: Total other property not listed, line 54**          +$ _____ 0.00

**62. Total personal property.** Add lines 56 through 61. ...........          $ _____ 175,400.00    Copy personal property total ➔   +$ _____ 175,400.00

**63. Total of all property on Schedule A/B.** Add line 55 + line 62. .......................................................   $ _____ 175,400.00

**Exhibit "1"**
**Page 39**

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | LARRY    JACK    CALDWELL |
| | First Name    Middle Name    Last Name |
| Debtor 2 (Spouse, if filing) | |
| | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | Central District of California |
| Case number (if known) | _____ |

☐ Check if this is an amended filing

Official Form 106C

# Schedule C: The Property You Claim as Exempt

04/25

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable exemption amount.**

| Part 1: | Identify the Property You Claim as Exempt |
|---|---|

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ☐ You are claiming state and federal nonbankruptcy exemptions. 11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions. 11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own? Copy the value from *Schedule A/B* | Amount of the exemption you claim *Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| Brief description: 2024 HONDA HRV SPORT <br> Line from *Schedule A/B*: 3.1 | $ 25,000.00 | $ _____ <br> ☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: YAMAHA DIGITAL PIANO, SHURE MICROPHONE, MICROPHONE STAND, AUDIO INTERFACE FOR COMPUTER, IPAD <br> Line from *Schedule A/B*: 7 | $ 700.00 | $ _____ <br> ☐ 100% of fair market value, up to any applicable statutory limit | CCP SECTION 703.140(b)(6) |
| Brief description: CLOTHING <br> Line from *Schedule A/B*: 6 | $ 1,000.00 | $ _____ <br> ☐ 100% of fair market value, up to any applicable statutory limit | _____ |
| Brief description: APPROXIMATELY $3,000 IN ACCOUNTS RECEIVABLE FOR WORK ALREADY PERFORMED.  I HAVE A JUDGMENT FOR | $ 148,000.00 | $ 31,950.00 <br> ☐ 100% of fair market value, up to any applicable statutory limit | I claim the "wildcard" exemption, as am not making a homestead claim on real property.  I also claim all available unused other |

Exhibit "1"
Page 40

Debtor 1    LARRY          JACK          CAMPBELL                    Case number (*if known*) _____
            First Name     Middle Name    Last Name

| **Part 2:** | **Additional Page** |
|---|---|

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own? Copy the value from *Schedule A/B* | Amount of the exemption you claim *Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| APPROXIMATELY $145,500 IN ATTORNEYS' FEES AND COST, AND ADDITIONAL APPROXIMATELY $50,000 IN ATTORNEYS' FEES AND COSTS I HAVEN'T SOUGHT COURT APPROVAL OF YET IN LASC CASE NO. 20STCV05251 AGAINST ROBERT GREEN.  ALL OTHER LEGAL WORK IS DONE ON A CONTINGENT FEE BASIS. | | | exemptions, up to the stautory limit. |
| Line from *Schedule A/B*: 38 | | | |

3.  **Are you claiming a homestead exemption of more than $214,000?**
    (Subject to adjustment on 4/01/28 and every 3 years after that for cases filed on or after the date of adjustment.)

   No

   Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

       No

       Yes

Exhibit "1"
Page 41

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | LARRY | JACK | CALDWELL |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | | | |
| | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | Central District of California | | |
| Case number (If known) | | | |

Check if this is an amended filing

Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

1. **Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

☐ Yes. Fill in all of the information below.

## Part 1:    List All Secured Claims

2. **List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | Column A Amount of claim Do not deduct the value of collateral. | Column B Value of collateral that supports this claim | Column C Unsecured portion If any |
|---|---|---|---|---|

**2.1** Capital One
Creditor's Name

7933 Preston Road
Number    Street

Plano    TX    75024
City    State    ZIP Code

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

Date debt was incurred _____

**Describe the property that secures the claim:**

2023 Honda HRV automobile

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset)

Last 4 digits of account number _____

| | Column A | | |
|---|---|---|---|
| | $    27,833.00 | $    25,000.00 | $    27,833.00 |

| | Column A dollar value totals from all pages. | $    27,833.00 | |
|---|---|---|---|

**Exhibit "1"
Page 42**

Case 2:25-bk-16020-NB    Doc 1    Filed 07/16/25    Entered 07/16/25 14:04:01    Desc
Main Document      Page 26 of 66

| Debtor 1 | LARRY | JACK | CALMAN | | Case number (*if known*) | |
| | First Name | Middle Name | Last Name | | |

| Part 2: | List Others to Be Notified for a Debt That You Already Listed |
|---|---|

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

Name

Number    Street

City                    State        ZIP Code

On which line in Part 1 did you enter the creditor? _____

Last 4 digits of account number _____

Exhibit "1"
Page 43

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | LARRY | JACK | CALDWELL |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | | | |
| | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: Central District of California

Case number (If known) _____

Check if this is an amended filing

Official Form 106E/F

# Schedule E/F: Creditors Who Have Unsecured Claims    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Property* (Official Form 106A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 106G). Do not include any creditors with partially secured claims that are listed in *Schedule D: Creditors Who Have Claims Secured by Property*. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. On the top of any additional pages, write your name and case number (if known).

## Part 1:    List All of Your PRIORITY Unsecured Claims

**1. Do any creditors have priority unsecured claims against you?**

No. Go to Part 2.

Yes.

**2. List all of your priority unsecured claims.** If a creditor has more than one priority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. If a claim has both priority and nonpriority amounts, list that claim here and show both priority and nonpriority amounts. As much as possible, list the claims in alphabetical order according to the creditor's name. If you have more than two priority unsecured claims, fill out the Continuation Page of Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3. (For an explanation of each type of claim, see the instructions for this form in the instruction booklet.)

| | Total claim | Priority amount | Nonpriority amount |
|---|---|---|---|

| | |
|---|---|
| Priority Creditor's Name | Last 4 digits of account number _____ |
| | |
| Number    Street | When was the debt incurred?    _____ |
| | |
| City    State    ZIP Code | **As of the date you file, the claim is:** Check all that apply |
| | Contingent |
| **Who incurred the debt?** Check one. | Unliquidated |
| Debtor 1 only | Disputed |
| Debtor 2 only | **Type of PRIORITY unsecured claim:** |
| Debtor 1 and Debtor 2 only | Domestic support obligations |
| At least one of the debtors and another | Taxes and certain other debts you owe the government |
| **Check if this claim is for a community debt** | Claims for death or personal injury while you were intoxicated |
| **Is the claim subject to offset?** | Other. Specify |
| No | |
| Yes | |

Total claim: $ _____  Priority amount: $ _____  Nonpriority amount: $ _____

**Exhibit "1"**
**Page 44**

| Debtor 1 | LARRY | JACK | CANALE | Case number (*if known*) |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

---

| Part 2: | List ALL of Your NONPRIORITY Unsecured Claims |
|---|---|

**3.  Do any creditors have nonpriority unsecured claims against you?**

☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

☑ Yes

**4.  List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

| | | | **Total claim** |
|---|---|---|---|

**4.16**

ACE ATTORNEY SERVICE
Nonpriority Creditor's Name

811 WILSHIRE BLVD
Number    Street

#900

LOS ANGELES                    CA          90017
City                                  State        ZIP Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☐ No
☐ Yes

Last 4 digits of account number  0000

When was the debt incurred?  JUY 2023

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify

balance due on account for attorney service provider

$    1,100.00

---

**4.11**

ASPIRE
Nonpriority Creditor's Name

6805 VISTA DRIVE
Number    Street

WEST DES MOINES              IA          50266
City                                  State        ZIP Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

☐ No
☐ Yes

Last 4 digits of account number  7672

When was the debt incurred?

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
☑ Other. Specify

CREDIT CARD

$    600.00

---

**4.6**

ATKINSON BAKER
Nonpriority Creditor's Name

5000 N. BRAND BLVD
Number    Street

3RD FLR

GLENDALE                      CA          91203
City                                  State        ZIP Code

Last 4 digits of account number  0000

When was the debt incurred?  10-14-20

**As of the date you file, the claim is:** Check all that apply

$    3,112.00

---

**Exhibit "1"**
**Page 45**

| Debtor 1 | LARRY | JACK | | Case number (*if known*) |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

| **Part 2:** | **Your NONPRIORITY Unsecured Claims - Continuation Page** |
|---|---|

| After listing any entries on this page, number them beginning with 4.., followed by 4.5, and so forth. | Total claim |
|---|---|

**Who incurred the debt?** Check one.

- Debtor 1 only
- Debtor 2 only
- Debtor 1 and Debtor 2 only
- At least one of the debtors and another

**Check if this claim is for a community debt**

**Is the claim subject to offset?**

- No
- Yes

Contingent
Unliquidated
Disputed

**Type of NONPRIORITY unsecured claim:**

Student loans
Obligations arising out of a separation agreement or divorce that you did not report as priority claims
Debts to pension or profit-sharing plans, and other similar debts
Other. Specify
DEFAULT JUDMGENT FOR AMOUNT DUE ON SERVICE CONTRACT.

---

**4.15**

BANK OF AMERICA
Nonpriority Creditor's Name

PO Box 15019
Number    Street

WILMINGTON          DE      19850
City                State   ZIP Code

**Who incurred the debt?** Check one.

- Debtor 1 only
- Debtor 2 only
- Debtor 1 and Debtor 2 only
- At least one of the debtors and another

**Check if this claim is for a community debt**

**Is the claim subject to offset?**

- No
- Yes

Last 4 digits of account number  8744

**When was the debt incurred?** 2023 TO 2025

**As of the date you file, the claim is:** Check all that apply

Contingent
Unliquidated
Disputed

**Type of NONPRIORITY unsecured claim:**

Student loans
Obligations arising out of a separation agreement or divorce that you did not report as priority claims
Debts to pension or profit-sharing plans, and other similar debts
Other. Specify
CREDIT CARD DEBT

$    510.00

---

**4.10**

CITY OF SANTA MONICA
Nonpriority Creditor's Name

1685 Main St
Number    Street

SANTA MONICA        CA      90401
City                State   ZIP Code

**Who incurred the debt?** Check one.

- Debtor 1 only
- Debtor 2 only
- Debtor 1 and Debtor 2 only
- At least one of the debtors and another

**Check if this claim is for a community debt**

**Is the claim subject to offset?**

- No
- Yes

Last 4 digits of account number  0000

**When was the debt incurred?** 2023-2025

**As of the date you file, the claim is:** Check all that apply

Contingent
Unliquidated
Disputed

**Type of NONPRIORITY unsecured claim:**

Student loans
Obligations arising out of a separation agreement or divorce that you did not report as priority claims
Debts to pension or profit-sharing plans, and other similar debts
Other. Specify
PARKING TICKETS

$    4,000.00

---

**4.14**

CREDIT ONE
Nonpriority Creditor's Name

Last 4 digits of account number  3328

$    732.00

Exhibit "1"
Page 46

| Debtor 1 | LARRY | JACK | | Case number (*if known*) | |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

**Part 2:**    Your NONPRIORITY Unsecured Claims - Continuation Page

After listing any entries on this page, number them beginning with 4.., followed by 4.5, and so forth. | Total claim

P.O. BOX 60500
Number    Street

CITY OF INDUSTRY    CA    57555
City    State    ZIP Code

**Who incurred the debt?** Check one.

- Debtor 1 only
- Debtor 2 only
- Debtor 1 and Debtor 2 only
- At least one of the debtors and another

- **Check if this claim is for a community debt**

**Is the claim subject to offset?**
- No
- Yes

**When was the debt incurred?** 2024 AND 2025

**As of the date you file, the claim is:** Check all that apply

- Contingent
- Unliquidated
- Disputed

**Type of NONPRIORITY unsecured claim:**

- Student loans
- Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- Debts to pension or profit-sharing plans, and other similar debts
- Other. Specify    CREDIT CARD DEBT

---

**4.9** | DOUGLAS SEEMAN | | | **Last 4 digits of account number** 0000 | | $ 13,973.00
Nonpriority Creditor's Name

P.O. BOX 69868
Number    Street

ORO VALLEY    AZ    85737
City    State    ZIP Code

**Who incurred the debt?** Check one.

- Debtor 1 only
- Debtor 2 only
- Debtor 1 and Debtor 2 only
- At least one of the debtors and another

- **Check if this claim is for a community debt**

**Is the claim subject to offset?**
- No
- Yes

**When was the debt incurred?** JULY 2025

**As of the date you file, the claim is:** Check all that apply

- Contingent
- Unliquidated
- Disputed

**Type of NONPRIORITY unsecured claim:**

- Student loans
- Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- Debts to pension or profit-sharing plans, and other similar debts
- Other. Specify    BALANCE DUE ON ACCOUNT FOR EXPERT WITNESS SERVICES

---

**4.7** | FORENSIS GROUP | | | **Last 4 digits of account number** 0000 | | $ 35,896.00
Nonpriority Creditor's Name

31348 VIA COLINAS
Number    Street

NO. 106

WESTLAKE VILLAGE    CA
City    State    ZIP Code

**Who incurred the debt?** Check one.

- Debtor 1 only
- Debtor 2 only
- Debtor 1 and Debtor 2 only
- At least one of the debtors and another

- **Check if this claim is for a community debt**

**Is the claim subject to offset?**

**When was the debt incurred?** 7-13-23

**As of the date you file, the claim is:** Check all that apply

- Contingent
- Unliquidated
- Disputed

**Type of NONPRIORITY unsecured claim:**

- Student loans
- Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- Debts to pension or profit-sharing plans, and other similar debts

---

Exhibit "1"
Page 47

Debtor 1    LARRY          JACK          CAVALLO                                          Case number (*if known*)

First Name    Middle Name          Last Name

---

| **Part 2:** | **Your NONPRIORITY Unsecured Claims - Continuation Page** | |
|---|---|---|

| After listing any entries on this page, number them beginning with 4.., followed by 4.5, and so forth. | | **Total claim** |
|---|---|---|

No

Yes

Other. Specify

AMOUNT ALLEGEDLY DUE AGENCY FOR EXPERT
WITNESS SERVICES. HAVE POTENTIAL CROSS-
COMPLAINT WORTH WELL IN EXCESS OF 35896

---

**4.18**   FRANCHISE TAX BOARD

Nonpriority Creditor's Name

P.O. BOX 942840

Number    Street

SACRAMENTO          CA      94240

City      State    ZIP Code

**Who incurred the debt?** Check one.

Debtor 1 only

Debtor 2 only

Debtor 1 and Debtor 2 only

At least one of the debtors and another

**Check if this claim is for a community debt**

**Is the claim subject to offset?**

No

Yes

Last 4 digits of account number   2024

**When was the debt incurred?**   PAST TAX YEARS

**As of the date you file, the claim is:** Check all that apply

Contingent

Unliquidated

Disputed

**Type of NONPRIORITY unsecured claim:**

Student loans

Obligations arising out of a separation agreement or divorce
that you did not report as priority claims

Debts to pension or profit-sharing plans, and other similar debts

Other. Specify

BALANCE OF STATE TAX OWED

$  15,000.00

---

**4.1**   Indemnity Insurance Co. of North America

Nonpriority Creditor's Name

436 Walnut Street

Number    Street

PHILADELPHIA          PA      19106

City      State    ZIP Code

**Who incurred the debt?** Check one.

Debtor 1 only

Debtor 2 only

Debtor 1 and Debtor 2 only

At least one of the debtors and another

**Check if this claim is for a community debt**

**Is the claim subject to offset?**

No

Yes

Last 4 digits of account number   0000

**When was the debt incurred?**   7-3-25

**As of the date you file, the claim is:** Check all that apply

Contingent

Unliquidated

Disputed

**Type of NONPRIORITY unsecured claim:**

Student loans

Obligations arising out of a separation agreement or divorce
that you did not report as priority claims

Debts to pension or profit-sharing plans, and other similar debts

Other. Specify

JURY VERDICT IN LAWSUIT THAT JUDGMENT HAS
NOT YET BEEN ENTERED ON.

$ 813,750.00

---

**4.5**   LOS ANGELES SUPERIOR COURT

Nonpriority Creditor's Name

111 N. HILL STREET

Number    Street

LOS ANGELES          CA      90012

City      State    ZIP Code

**Who incurred the debt?** Check one.

Debtor 1 only

Last 4 digits of account number   0000

**When was the debt incurred?**

**As of the date you file, the claim is:** Check all that apply

Contingent

Unliquidated

$   1,600.00

---

Official Form 106E/F              **Schedule E/F: Creditors Who Have Unsecured Claims**              page 5 of 10

| Debtor 1 | LARRY | JACK | CASANOVA | Case number (if known) |
| --- | --- | --- | --- | --- |
| | First Name | Middle Name | Last Name | |

**Part 2:**    **Your NONPRIORITY Unsecured Claims - Continuation Page**

| After listing any entries on this page, number them beginning with 4.., followed by 4.5, and so forth. | Total claim |
| --- | --- |

|  |  |
| --- | --- |
| Debtor 2 only | Disputed |
| Debtor 1 and Debtor 2 only | **Type of NONPRIORITY unsecured claim:** |
| At least one of the debtors and another | Student loans |
| **Check if this claim is for a community debt** | Obligations arising out of a separation agreement or divorce that you did not report as priority claims |
| **Is the claim subject to offset?** | Debts to pension or profit-sharing plans, and other similar debts |
| No | Other. Specify |
| Yes | PLAINTIFF'S SHARE OF JURY FEES FOR TRIAL IN LASC CASE NO. 20STCV31115.  PLAINTIFF HAS A COURT FEE WAIVER.  I DID NOT REQUEST A JURY FOR ME AS CROSS-DEFENDANT. |

**4.17**

| MAGNA LEGAL SERVICES | Last 4 digits of account number  0000 | $  14,029.00 |
| --- | --- | --- |
| Nonpriority Creditor's Name | | |
| 212 AIRLINE DRIVE | When was the debt incurred?  JULY 2023 | |
| Number    Street | | |
| SUITE 520 | | |
| METAINE                LA        70001 | As of the date you file, the claim is: Check all that apply | |
| City                          State      ZIP Code | | |
| **Who incurred the debt?** Check one. | Contingent | |
| Debtor 1 only | Unliquidated | |
| Debtor 2 only | Disputed | |
| Debtor 1 and Debtor 2 only | **Type of NONPRIORITY unsecured claim:** | |
| At least one of the debtors and another | Student loans | |
| **Check if this claim is for a community debt** | Obligations arising out of a separation agreement or divorce that you did not report as priority claims | |
| **Is the claim subject to offset?** | Debts to pension or profit-sharing plans, and other similar debts | |
| No | Other. Specify | |
| Yes | BALANCE DUE ON CONTRACT FOR LEGAL SERVICE PROVIDER | |

**4.2**

| Matthew Green | Last 4 digits of account number  0000 | $  550.00 |
| --- | --- | --- |
| Nonpriority Creditor's Name | | |
| 10940 Wilshire Blvd | When was the debt incurred?  January 2025 | |
| Number    Street | | |
| 16th FLR | | |
| LOS ANGELES          CA        90024 | As of the date you file, the claim is: Check all that apply | |
| City                          State      ZIP Code | | |
| **Who incurred the debt?** Check one. | Contingent | |
| Debtor 1 only | Unliquidated | |
| Debtor 2 only | Disputed | |
| Debtor 1 and Debtor 2 only | **Type of NONPRIORITY unsecured claim:** | |
| At least one of the debtors and another | Student loans | |
| **Check if this claim is for a community debt** | Obligations arising out of a separation agreement or divorce that you did not report as priority claims | |
| **Is the claim subject to offset?** | Debts to pension or profit-sharing plans, and other similar debts | |
| No | Other. Specify | |
| Yes | Court fees awarded in unsuccessful lawsuit. | |

**4.8**

| MEA FORENSICS | Last 4 digits of account number  0000 | $  15,000.00 |
| --- | --- | --- |
| Nonpriority Creditor's Name | | |

Exhibit "1"
Page 49

| Debtor 1 | LARRY | JACK | CANALES | Case number (*if known*) |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

**Part 2:    Your NONPRIORITY Unsecured Claims - Continuation Page**

After listing any entries on this page, number them beginning with 4.., followed by 4.5, and so forth. | Total claim

---

23281 VISTA GRANDE DRIVE
Number    Street

LAGUNA HILLS          CA      91362
City                  State   ZIP Code

**Who incurred the debt?** Check one.
Debtor 1 only
Debtor 2 only
Debtor 1 and Debtor 2 only
At least one of the debtors and another

**Check if this claim is for a community debt**

Is the claim subject to offset?
No
Yes

**When was the debt incurred?** JULY 2023

**As of the date you file, the claim is:** Check all that apply
Contingent
Unliquidated
Disputed

**Type of NONPRIORITY unsecured claim:**
Student loans
Obligations arising out of a separation agreement or divorce that you did not report as priority claims
Debts to pension or profit-sharing plans, and other similar debts
Other. Specify

AMOUNT DUE ON CONTRACT FOR EXPERT WITNESS SERVICES

---

**4.13** | MERRICK BANK
Nonpriority Creditor's Name

P.O. BOX 660702
Number    Street

DALLAS                TX      75266-0702
City                  State   ZIP Code

**Who incurred the debt?** Check one.
Debtor 1 only
Debtor 2 only
Debtor 1 and Debtor 2 only
At least one of the debtors and another

**Check if this claim is for a community debt**

Is the claim subject to offset?
No
Yes

**Last 4 digits of account number**  4947

**When was the debt incurred?**  2024 AND 2025

**As of the date you file, the claim is:** Check all that apply
Contingent
Unliquidated
Disputed

**Type of NONPRIORITY unsecured claim:**
Student loans
Obligations arising out of a separation agreement or divorce that you did not report as priority claims
Debts to pension or profit-sharing plans, and other similar debts
Other. Specify

CREDIT CARD DEBT

$      710.00

---

**4.3** | VERITEXT-PHILLIP LANDSMAN
Nonpriority Creditor's Name

5776 LINDERO CANYON ROAD
Number    Street

WESTLAKE VILLAGE      CA      91362
City                  State   ZIP Code

**Who incurred the debt?** Check one.
Debtor 1 only
Debtor 2 only
Debtor 1 and Debtor 2 only
At least one of the debtors and another

**Check if this claim is for a community debt**

Is the claim subject to offset?

**Last 4 digits of account number**  0000

**When was the debt incurred?**  4-26-22

**As of the date you file, the claim is:** Check all that apply
Contingent
Unliquidated
Disputed

**Type of NONPRIORITY unsecured claim:**
Student loans
Obligations arising out of a separation agreement or divorce that you did not report as priority claims
Debts to pension or profit-sharing plans, and other similar debts

$    16,450.00

---

Exhibit "1"
Page 50

Debtor 1    LARRY          JACK              CANDLE

First Name    Middle Name    Last Name                                        Case number (*if known*)

| **Part 2:** | **Your NONPRIORITY Unsecured Claims - Continuation Page** |
|---|---|

After listing any entries on this page, number them beginning with 4.., followed by 4.5, and so forth.    **Total claim**

|  | No | Other. Specify |  |
|---|---|---|---|
|  | Yes | DEFAULT JUDGMENT ON CONTRACT AMOUNT OWED FOR SERVICES PLUS POST-JUDGMENT INTEREST SINCE 4-22-22 |  |

**4.4**

VERTITEXT
Nonpriority Creditor's Name

707 WILSHIRE BLVD
Number    Street

SUITE 3500

LOS ANGELES          CA       90017
City              State    ZIP Code

**Who incurred the debt?** Check one.

- Debtor 1 only
- Debtor 2 only
- Debtor 1 and Debtor 2 only
- At least one of the debtors and another

- **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- No
- Yes

**Last 4 digits of account number**  0000

**When was the debt incurred?**  07-03-25

**As of the date you file, the claim is:** Check all that apply

- Contingent
- Unliquidated
- Disputed

**Type of NONPRIORITY unsecured claim:**

- Student loans
- Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- Debts to pension or profit-sharing plans, and other similar debts
- Other. Specify
  COURT REPORTER FEES FOR TRIAL IN LASC CASE NO. 20STCV31115

$    7,500.00

**4.12**

WILLOW LAKE LENDING
Nonpriority Creditor's Name

P.O. BOX 1142
Number    Street

MISSION            SD       57555
City              State    ZIP Code

**Who incurred the debt?** Check one.

- Debtor 1 only
- Debtor 2 only
- Debtor 1 and Debtor 2 only
- At least one of the debtors and another

- **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- No
- Yes

**Last 4 digits of account number**  7445

**When was the debt incurred?**

**As of the date you file, the claim is:** Check all that apply

- Contingent
- Unliquidated
- Disputed

**Type of NONPRIORITY unsecured claim:**

- Student loans
- Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- Debts to pension or profit-sharing plans, and other similar debts
- Other. Specify
  UNSERCURED LOAN AT EXTREMELY USURIOUS RATE

$    1,000.00

**Exhibit "1"
Page 51**

| Debtor 1 | LARRY | JACK | CAMDEL | | Case number (*if known*) | |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

---

**Part 3:**    **List Others to Be Notified About a Debt That You Already Listed**

5.  Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

_____

Name

_____

Number    Street

_____

City              State     ZIP Code

**On which entry in Part 1 or Part 2 did you list the original creditor?**

Line _____ of (*Check one*):

        Part 1: Creditors with Priority Unsecured Claims

        Part 2: Creditors with Nonpriority Unsecured Claims

**Last 4 digits of account number**    _____

**Exhibit "1"**
**Page 52**

| Debtor 1 | LARRY | JACK | CAMEL | | Case number (*if known*) | |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

| Part 4: | Add the Amounts for Each Type of Unsecured Claim |
|---|---|

**6. Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. § 159. Add the amounts for each type of unsecured claim.**

|  | | | | Total claim |
|---|---|---|---|---|
| **Total claims from Part 1** | 6a. | **Domestic support obligations** | 6a. | $ _____ |
| | 6b. | **Taxes and certain other debts you owe the government** | 6b. | $ _____ |
| | 6c. | **Claims for death or personal injury while you were intoxicated** | 6c. | $ _____ |
| | 6d. | **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. | **+** $ _____ |
| | 6e. | **Total.** Add lines 6a through 6d. | 6e. | $ _____ |

|  | | | | Total claim |
|---|---|---|---|---|
| **Total claims from Part 2** | 6f. | **Student loans** | 6f. | $ 0.00 |
| | 6g. | **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. | $ 0.00 |
| | 6h. | **Debts to pension or profit-sharing plans, and other similar debts** | 6h. | $ 0.00 |
| | 6i. | **Other.** Add all other nonpriority unsecured claims. Write that amount here. | 6i. | **+** $ 945,512.00 |
| | 6j. | **Total.** Add lines 6f through 6i. | 6j. | $ 945,512.00 |

**Exhibit "1"**
**Page 53**

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | LARRY | JACK | CALDWELL |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | | | |
| | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | Central District of California | | |
| Case number | _____ | | |
| (If known) | | | |

Check if this is an
amended filing

Official Form 106G

# Schedule G: Executory Contracts and Unexpired Leases   12/15

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).**

1. **Do you have any executory contracts or unexpired leases?**

    ☐ No. Check this box and file this form with the court with your other schedules. You have nothing else to report on this form.

    ☐ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Property* (Official Form 106A/B).

2. **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| | Person or company with whom you have the contract or lease | State what the contract or lease is for |
|---|---|---|
| 2.1 | MICHAEL KELLOGG<br>Name<br><br>903 SEVENTH STRET<br>Number    Street<br><br>APT 17<br><br>SANTA MONICA            CA        90403<br>City                              State      ZIP Code | RESIDENTIAL LEASE FOR MY PRIMARY RESIDENCE, LOCATED AT 903 SEVENTH STREE, APT 11, SANTA MONICA, CA. 90403 |

**Exhibit "1"
Page 54**

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | LARRY | JACK | CALDWELL |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | Central District of California | | |
| Case number (If known) | | | |

Check if this is an amended filing

Official Form 106H

# Schedule H: Your Codebtors

**12/15**

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

1. **Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

    No

    Yes

2. **Within the last 8 years, have you lived in a community property state or territory?** (Community property states and territories include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

    No. Go to line 3.

    Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

       No

       Yes. In which community state or territory did you live?  California     . Fill in the name and current address of that person.

    ELENA VERUTINA
    Name of your spouse, former spouse, or legal equivalent
    UNKNOWN
    Number       Street

    | UNKNOWN | CA | 00000-0000 |
    |---|---|---|
    | City | State | ZIP Code |

3. **In Column 1, list all of your codebtors.** Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on *Schedule D* (Official Form 106D), *Schedule E/F* (Official Form 106E/F), or *Schedule G* (Official Form 106G). Use *Schedule D, Schedule E/F, or Schedule G* to fill out Column 2.

| Column 1: **Your codebtor** | Column 2: **The creditor to whom you owe the debt** |
|---|---|
| | Check all schedules that apply: |
| Name | Schedule D, line _____ |
| Number    Street | Schedule E/F, line _____ |
| | Schedule G, line _____ |
| City          State          ZIP Code | |

**Exhibit "1"**
**Page 55**

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | LARRY | JACK | CALDWELL |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | | | |
| | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:  Central District of California

Case number (If known)  _____

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD / YYYY

Official Form 106I

# Schedule I: Your Income

**12/15**

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Describe Employment

**1. Fill in your employment information.**

If you have more than one job, attach a separate page with information about additional employers.

Include part-time, seasonal, or self-employed work.

Occupation may Include student or homemaker, if it applies

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| **Employment Status** | ☐ Employed<br>☐ Not employed | ☐ Employed<br>☐ Not employed |
| **Occupation** | Lawyer | |
| **Employer's name** | Me | |
| **Employer's address** | 1223 Wilshire Blvd | |
| | Number   Street | Number   Street |
| | #517 | |
| | Santa Monica    CA    90403 | |
| | City    State    Zip Code | City    State    Zip Code |
| **How long employed there?** | 17 years | |

**Exhibit "1"**
**Page 56**

Debtor 1    LARRY          JACK          CAMPBELL                                Case number (*if known*)
            First Name     Middle Name   Last Name

| Part 2: | Give Details About Monthly Income |
|---------|-----------------------------------|

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

|  |  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|--|--|--|--------------|-----------------------------------|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ 1,000.00 | $ _____ |
| 3. | Estimate and list monthly overtime pay. | 3. | + $ 0.00 | + $ _____ |
| 4. | Calculate gross income. Add line 2 + line 3. | 4. | $ 1,000.00 | $ _____ |
| | Copy line 4 here ......................................................➔ | 4. | $ 1,000.00 | $ _____ |
| 5. | List all payroll deductions: | | | |
| | 5a. Tax, Medicare, and Social Security deductions | 5a. | $ 0.00 | $ _____ |
| | 5b. Mandatory contributions for retirement plans | 5b. | $ 0.00 | $ _____ |
| | 5c. Voluntary contributions for retirement plans | 5c. | $ 0.00 | $ _____ |
| | 5d. Required repayments of retirement fund loans | 5d. | $ 0.00 | $ _____ |
| | 5e. Insurance | 5e. | $ 0.00 | $ _____ |
| | 5f. Domestic support obligations | 5f. | $ 0.00 | $ _____ |
| | 5g. Union dues | 5g. | $ 0.00 | $ _____ |
| | 5h. Other deductions. Specify: _____ | 5h. | + $ 0.00 | + $ _____ |
| | _____ | 5h. | + $ _____ | + $ _____ |
| 6. | Add the payroll deductions. Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g + 5h. | 6. | $ 0.00 | $ _____ |
| 7. | Calculate total monthly take-home pay. Subtract line 6 from line 4. | 7. | $ 1,000.00 | $ _____ |
| 8. | List all other income regularly received: | | | |
| | 8a. Net income from rental property and from operating business, profession, or farm Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 0.00 | $ _____ |
| | 8b. Interest and dividends | 8b. | $ 0.00 | $ _____ |
| | 8c. Family support payment that you, a non-filing spouse, or a dependent regularly receive Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ _____ |
| | 8d. Unemployment compensation | 8d. | $ 0.00 | $ _____ |

**Exhibit "1"
Page 57**

Debtor 1    LARRY        JACK        
First Name    Middle Name    Last Name        Case number (if known) _____

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 8e. | **Social Security** | 8e. $ 0.00 | $ _____ |
| 8f. | **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. | | |
| | Specify: _____ | 8f. $ 0.00 | $ _____ |
| | _____ | 8f. $ _____ | $ _____ |
| 8g. | **Pension or retirement income** | 8g. $ 0.00 | $ _____ |
| 8h. | **Other monthly income.** Specify: _____ | 8h. + $ 0.00 | + $ _____ |
| | | 8h. + $ _____ | + $ _____ |
| 9. | **Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f + 8g + 8h. | 9. $ 0.00 | $ _____ |
| 10. | **Calculate monthly income. Add line 7 + line 9.** Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. $ 1,000.00 + | $ _____ = $ 1,000.00 |

11. **State all other regular contributions to the expenses that you list in *Schedule J.***

Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.

Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*

Specify: _____    11.  + $ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the *Summary of Your Assets and Liabilities and Certain Statistical Information*, if it applies    12.    $ 1,000.00

**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**

☐ No.

☐ Yes. Explain:

|  |
|---|
|  |

**Exhibit "1"
Page 58**

<table>
<tr><td colspan="3"><strong>Fill in this information to identify your case:</strong></td></tr>
</table>

| Debtor 1 | LARRY | JACK | CALDWELL |
|---|---|---|---|
| | First Name | Middle Name | Last Name |

Debtor 2
(Spouse, if filing)

| | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: Central District of California

Case number
(If known) _____

Check if this is:

An amended filing

A supplement showing postpetition chapter 13
income as of the following date:

_____
MM / DD / YYYY

## Official Form 106J

# Schedule J: Your Expenses

**12/15**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Describe Your Household

1.  **Is this a joint case?**

   No. Go to line 2.

   Yes. **Does Debtor 2 live in a separate household?**

   No

   Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household of Debtor 2.*

2.  **Do you have dependents?**

   Do not list Debtor 1 and Debtor 2.

   Do not state the dependents' names.

   No
   Yes. Fill out this information for each dependent ......................

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| _____ | _____ | No  Yes |
| _____ | _____ | No  Yes |
| _____ | _____ | No  Yes |
| _____ | _____ | No  Yes |
| _____ | _____ | No  Yes |

3.  **Do your expenses include expenses of people other than yourself and your dependents?**

   No
   Yes

## Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | **Your expenses** |
|---|---|
| 4.  **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4.  $              2,515.00 |
| If not included in line 4: | |
| 4a.  Real estate taxes | 4a.  $                   0.00 |
| 4b.  Property, homeowner's, or renter's insurance | 4b.  $                   0.00 |

**Exhibit "1"
Page 59**

| Debtor 1 | LARRY | JACK | CALVIN | Case number (*if known*) |
| | First Name | Middle Name | Last Name | |

|  | **Your expenses** |
|---|---|

| 4c. | Home maintenance, repair, and upkeep expenses | 4c. | $ | 0.00 |
| 4d. | Homeowner's association or condominium dues | 4d. | $ | |
| **5.** | **Additional mortgage payments for your residence,** such as home equity loans | 5. | $ | |
| **6.** | **Utilities:** | | | |
| | 6a.  Electricity, heat, natural gas | 6a. | $ | |
| | 6b.  Water, sewer, garbage collection | 6b. | $ | |
| | 6c.  Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ | |
| | 6d.  Other Specify: | 6d. | $ | |
| **7.** | **Food and housekeeping supplies** | 7. | $ | |
| **8.** | **Childcare and children's education costs** | 8. | $ | |
| **9.** | **Clothing, laundry, and dry cleaning** | 9. | $ | |
| **10.** | **Personal care products and services** | 10. | $ | |
| **11.** | **Medical and dental expenses** | 11. | $ | |
| **12.** | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $ | |
| **13.** | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $ | |
| **14.** | **Charitable contributions and religious donations** | 14. | $ | |
| **15.** | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20 | | | |
| | 15a.  Life insurance | 15a. | | |
| | 15b.  Health insurance | 15b. | | |
| | 15c.  Vehicle insurance | 15c. | | |
| | 15d.  Other. Specify: | 15d. | $ | |
| **16.** | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | 16. | $ | |
| **17.** | **Installment or lease payments:** | | | |
| | 17a.  Car payments for Vehicle 1 | 17a. | $ | |
| | 17b.  Car payments for Vehicle 2 | 17b. | $ | |
| | 17c.  Other. Specify: | 17c. | $ | |
| | 17d.  Other. Specify: | 17d. | $ | |
| **18.** | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5,** *Schedule I,* **Your Income (Official Form 106I).** | 18. | $ | |
| **19.** | **Other payments you make to support others who do not live with you.** | | | |

**Exhibit "1"**
**Page 60**

Debtor 1    LARRY        JACK        CALVIN
First Name        Middle Name        Last Name                    Case number (*if known*) _____

| | | | Your expenses |
|---|---|---|---|

| | | | |
|---|---|---|---|
| Specify: _____ | 19. | $ | _____ |

20. **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.**

| | | | |
|---|---|---|---|
| 20a. Mortgages on other property | 20a. | $ | _____ |
| 20b. Real estate taxes | 20b. | $ | _____ |
| 20c. Property, homeowner's, or renter's insurance | 20c. | $ | _____ |
| 20d. Maintenance, repair, and upkeep expenses | 20d. | $ | _____ |
| 20e. Homeowner's association or condominium dues | 20e. | $ | _____ |

| | | | |
|---|---|---|---|
| 21. **Other.** Specify: _____ | 21. | **+**$ | _____ |

22. **Calculate your monthly expenses.**

| | | | |
|---|---|---|---|
| 22a. Add lines 4 through 21. | 22a. | $ | 2,515.00 |
| 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | 22b. | $ | _____ |
| 22c. Add line 22a and 22b. The result is your monthly expenses. | 22c. | $ | 2,515.00 |

23. **Calculate your monthly net income.**

| | | | |
|---|---|---|---|
| 23a. Copy line 12 (*your combined monthly income*) from *Schedule I*. | 23a. | $ | 1,000.00 |
| 23b. Copy your monthly expenses from line 22c above. | 23b. | -$ | 2,515.00 |
| 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. | $ | 0.00 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**

For example, do you expect to finish paying for your car loan within the year or do you expect your
mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

No.

Yes. Explain here: [ ]

**Exhibit "1"
Page 61**

**Fill in this information to identify your case:**

Debtor 1    LARRY        JACK        CALDWELL

 First Name    Middle Name    Last Name

Debtor 2
(Spouse, if filing)

 First Name    Middle Name    Last Name

United States Bankruptcy Court for the: Central District of California

Case number
(if known)

**Check one box only as directed in this form and in Form 122A-1Supp:**

1. There is no presumption of abuse.

2. The calculation to determine if a presumption of abuse applies will be made under *Chapter 7 Means Test Calculation* (Official Form 122A-2).

3. The Means Test does not apply now because of qualified military service but it could apply later.

☐ Check if this is an amended filing

Official Form 122A–1

# Chapter 7 Statement of Your Current Monthly Income

12/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known). If you believe that you are exempted from a presumption of abuse because you do not have primarily consumer debts or because of qualifying military service, complete and file *Statement of Exemption from Presumption of Abuse Under § 707(b)(2)* (Official Form 122A-1Supp) with this form.

**Part 1:    Calculate Your Current Monthly Income**

1. **What is your marital and filing status?** Check one only.

   ☐ **Not married.** Fill out Column A, lines 2-11.

   ☐ **Married and your spouse is filing with you.** Fill out both Columns A and B, lines 2-11.

   ☐ **Married and your spouse is NOT filing with you.** You and your spouse are:

      ☐ **Living in the same household and are not legally separated.** Fill out both Columns A and B, lines 2-11.

      ☐ **Living separately or are legally separated.** Fill out Column A, lines 2-11; do not fill out Column B. By checking this box, you declare under penalty of perjury that you and your spouse are legally separated under nonbankruptcy law that applies or that you and your spouse are living apart for reasons that do not include evading the Means Test requirements. 11 U.S.C. § 707(b)(7)(B).

   **Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case.** 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | Column A
Debtor 1 | Column B
Debtor 2 or
non-filing spouse |
|---|---|---|
| 2. **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $ _____ | $ _____ |
| 3. **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $ _____ | $ _____ |
| 4. **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3. | $ _____ | $ _____ |

5. **Net income from operating a business, profession, or farm**

| | Debtor 1 | Debtor 2 | | | |
|---|---|---|---|---|---|
| Gross receipts (before all deductions) | $ _____ | $ _____ | | | |
| Ordinary and necessary operating expenses | – $ _____ | – $ _____ | | | |
| Net monthly income from a business, profession, or farm | $ _____ | $ _____ | Copy here → | $ _____ | $ _____ |

6. **Net income from rental and other real property**

| | Debtor 1 | Debtor 2 | | | |
|---|---|---|---|---|---|
| Gross receipts (before all deductions) | $ _____ | $ _____ | | | |
| Ordinary and necessary operating expenses | – $ _____ | – $ _____ | | | |
| Net monthly income from rental or other real property | $ _____ | $ _____ | Copy here → | $ _____ | $ _____ |

**Exhibit "1"**
**Page 62**

| Debtor 1 | LARRY | JACK | CALABON | Case number (*if known*) |
| | First Name | Middle Name | Last Name | |

| | | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|---|
| 7. | **Interest, dividends, and royalties** | $ _____ | $ _____ |
| 8. | **Unemployment compensation** | $ _____ | $ _____ |

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here: .......................... ↓

For you ............................................................. $ _____

For your spouse ............................................. $ _____

9. **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. Also, except as stated in the next sentence, do not include any compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If you received any retired pay paid under chapter 61 of title 10, then include that pay only to the extent that it does not exceed the amount of retired pay to which you would otherwise be entitled if retired under any provision of title 10 other than chapter 61 of that title.

$ _____    $ _____

10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act; payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism; or compensation, pension, pay, annuity, or allowance paid by the United States Government in connection with a disability, combat-related injury or disability, or death of a member of the uniformed services. If necessary, list other sources on a separate page and put the total below.

_____    $ _____    $ _____

_____    $ _____    $ _____

**Total amounts from separate pages, if any.**    + $ _____    + $ _____

11. **Calculate your total current monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B.

$ _____  **+**  $ _____  **=**  $ _____

**Total current monthly income**

---

| **Part 2:** | **Determine Whether the Means Test Applies to You** |

12. **Calculate your current monthly income for the year.** Follow these steps:

12a. Copy your total current monthly income from line 11. .......................................................... **Copy line 11 here** ➜    $ _____

Multiply by 12 (the number of months in a year).    **x 12**

12b. The result is your annual income for this part of the form.    12b.    $    0.00

13. **Calculate the median family income that applies to you.** Follow these steps:

Fill in the state in which you live.    [_____]

Fill in the number of people in your household.    [_____]

Fill in the median family income for your state and size of household. ...................................................    13.    $ _____

To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

---

**Exhibit "1"**
**Page 63**

| Debtor 1 | LARRY | JACK | CALDWELL | Case number (*if known*) | |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

**14. How do the lines compare?**

14a.    Line 12b is less than or equal to line 13. On the top of page 1, check box 1, *There is no presumption of abuse.*
Go to Part 3. Do NOT fill out or file Official Form 122A-2.

14b.    Line 12b is more than line 13. On the top of page 1, check box 2, *The presumption of abuse is determined by Form 122A-2.*
Go to Part 3 and fill out Form 122A–2.

**Part 3:**      **Sign Below**

By signing here, I declare under penalty of perjury that the information on this statement and in any attachments is true and correct.

**X** _____          **X** _____
Signature of Debtor 1                                                    Signature of Debtor 2

Date  07/15/2025                                                    Date  _____
    MM / DD / YYYY                                                    MM / DD / YYYY

If you checked line 14a, do NOT fill out or file Form 122A–2.

If you checked line 14b, fill out Form 122A–2 and file it with this form.

---

**Exhibit "1"**
**Page 64**

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | LARRY | JACK | CALDWELL |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | | | |
| | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | Central District of California | | |
| Case number | | | |
| (If known) | | | |

☐ Check if this is an amended filing

## Official Form 122A—1Supp

## Statement of Exemption from Presumption of Abuse Under § 707(b)(2)  12/15

**File this supplement together with Chapter 7 Statement of Your Current Monthly Income (Official Form 122A-1), if you believe that you are exempted from a presumption of abuse. Be as complete and accurate as possible. If two married people are filing together, and any of the exclusions in this statement applies to only one of you, the other person should complete a separate Form 122A-1 if you believe that this is required by 11 U.S.C. § 707(b)(2)(C).**

| **Part 1:** | **Identify the Kind of Debts You Have** |
|---|---|

1. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose." Make sure that your answer is consistent with the answer you gave at line 16 of the *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101).

    No.  Go to Form 122A-1; on the top of page 1 of that form, check box 1, There is no presumption of abuse, and sign Part 3. Then submit this supplement with the signed Form 122A-1.

    Yes.  Go to Part 2.

| **Part 2:** | **Determine Whether Military Service Provisions Apply to You** |
|---|---|

2. **Are you a disabled veteran** (as defined in 38 U.S.C. § 3741(1))?

    No.  Go to line 3.

    Yes.  Did you incur debts mostly while you were on active duty or while you were performing a homeland defense activity?
    10 U.S.C. § 101(d)(1); 32 U.S.C. § 901(1).

        No.  Go to line 3.

        Yes.  Go to Form 122A-1; on the top of page 1 of that form, check box 1, *There is no presumption of abuse,* and sign Part 3. Then submit this supplement with the signed Form 122A-1.

3. **Are you or have you been a Reservist or member of the National Guard?**

    No. Complete Form 122A-1. Do not submit this supplement.

    Yes. Were you called to active duty or did you perform a homeland defense activity? 10 U.S.C. § 101(d)(1); 32 U.S.C. § 901(1).

        No. Complete Form 122A-1. Do not submit this supplement.

        Yes. Check any one of the following categories that applies:

| | |
|---|---|
| **I was called to active duty after September 11, 2001,** for at least 90 days and remain on active duty. | If you checked one of the categories to the left, go to Form 122A-1. On the top of page 1 of Form 122A-1, check box 3, The Means Test does not apply now, and sign Part 3. Then submit this supplement with the signed Form 122A-1. You are not required to fill out the rest of Official Form 122A-1 during the exclusion period. The exclusion period means the time you are on active duty or are performing a homeland defense activity, and for 540 days afterward. 11 U.S.C. § 707(b)(2)(D)(ii). |
| **I was called to active duty after September 11, 2001,** for at least 90 days and was released from active duty on _____ , which is fewer than 540 days before I file this bankruptcy case. | |
| **I am performing a homeland defense activity for at least 90 days.** | |
| **I performed a homeland defense activity for at least 90 days,** ending on _____ , which is fewer than 540 days before I file this bankruptcy case. | If your exclusion period ends before your case is closed, you may have to file an amended form later. |

**Exhibit "1"**
**Page 65**

**Fill in this information to identify your case:**

| | | |
|---|---|---|
| Debtor 1 | LARRY | JACK | CALDWELL |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | Central District of California | | |
| Case number (If known) | | | |

Check if this is an amended filing

Official Form 107

# Statement of Financial Affairs for Individuals Filing for Bankruptcy    04/25

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Give Details About Your Marital Status and Where You Lived Before

1. **What is your current marital status?**

   ☐ Married

   ☐ Not married

2. **During the last 3 years, have you lived anywhere other than where you live now?**

   ☐ No

   ☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1: | Dates Debtor 1 lived there | Debtor 2: | Dates Debtor 2 lived there |
|---|---|---|---|
| | | ☐ Same as Debtor 1 | ☐ Same as Debtor 1 |
| _____ Number    Street | From _____ To _____ | _____ Number    Street | From _____ To _____ |
| _____ City    State    ZIP Code | | _____ City    State    ZIP Code | |
| | | ☐ Same as Debtor 1 | ☐ Same as Debtor 1 |
| _____ Number    Street | From _____ To _____ | _____ Number    Street | From _____ To _____ |
| _____ City    State    ZIP Code | | _____ City    State    ZIP Code | |

3. **Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

   ☐ No

   ☐ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

**Exhibit "1"**
**Page 66**

| Debtor 1 | LARRY | JACK | CAVALLO | Case number (*if known*) |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

---

| Part 2: | Explain the Sources of Your Income |
|---|---|

4. **Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
   Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
   If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

   ☐ No

   ☐ Yes. Fill in the details.

| | Debtor 1: | | Debtor 2: | |
|---|---|---|---|---|
| | **Source of Income** Check all that apply. | **Gross income** (before deductions and exclusions) | **Source of Income** Check all that apply. | **Gross income** (before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | Wages, commissions, bonuses, tips<br>Operating Business | $ 10,000.00 | Wages, commissions, bonuses, tips<br>Operating Business | $ |
| **For last calendar year:**<br>(January 1 to December 31, 2024 )<br>YYYY | Wages, commissions, bonuses, tips<br>Operating Business | $ 10,000.00 | Wages, commissions, bonuses, tips<br>Operating Business | $ |
| **For last calendar year before that:**<br>(January 1 to December 31, 2023 )<br>YYYY | Wages, commissions, bonuses, tips<br>Operating Business | $ 11,500.00 | Wages, commissions, bonuses, tips<br>Operating Business | $ |

5. **Did you receive any other income during this year or the two previous calendar years?**
   Include income regardless of whether that income is taxable. Examples of other income are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

   List each source and the gross income from each source separately. Do not include income that you listed in line 4.

   ☐ No

   ☐ Yes. Fill in the details.

| | Debtor 1: | | Debtor 2: | |
|---|---|---|---|---|
| | **Source of Income** Describe below. | **Gross income from each source** (before deductions and exclusions) | **Source of Income** Describe below. | **Gross income from each source** (before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | | $<br>$<br>$ | | $<br>$<br>$ |
| **For last calendar year:**<br>(January 1 to December 31, _____ )<br>YYYY | | $<br>$<br>$ | | $<br>$<br>$ |
| **For the calendar year before that:**<br>(January 1 to December 31, _____ )<br>YYYY | | $<br>$<br>$ | | $<br>$<br>$ |

**Exhibit "1"
Page 67**

| Debtor 1 | LARRY | JACK | CAVALIN | Case number (*if known*) |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

---

| **Part 3:** | **List Certain Payments You Made Before You Filed for Bankruptcy** |
|---|---|

6. **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

   No. **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

   During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $8,575* or more?

   No. Go to line 7.

   Yes. List below each creditor to whom you paid a total of $8,575* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

   * Subject to adjustment on 4/01/28 and every 3 years after that for cases filed on or after the date of adjustment.

   Yes. **Debtor 1 or Debtor 2 or both have primarily consumer debts.**

   During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

   No. Go to line 7.

   Yes. List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| | Dates of payment | Total amount paid | Amount you still owe | Was this payment for ... |
|---|---|---|---|---|
| _____ Creditor's Name | _____ | $ _____ | $ _____ | Mortgage |
| | | | | Car |
| | | | | Credit Card |
| _____ Number    Street | | | | Loan Repayment |
| | | | | Suppliers or vendors |
| _____ | | | | Other |
| _____ City          State    ZIP Code | | | | _____ |

7. **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
   *Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

   No.

   Yes. List all payments to an insider.

| | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|
| _____ Insider's Name | _____ | $ _____ | $ _____ | |
| _____ Number    Street | | | | |
| _____ | | | | |
| _____ City          State    ZIP Code | | | | |

**Exhibit "1"**
**Page 68**

Debtor 1    LARRY            JACK              CAMPBELL                    Case number (*if known*) _____
First Name      Middle Name      Last Name

8. **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**
Include payments on debts guaranteed or cosigned by an insider.

No.

Yes. List all payments that benefited an insider

| | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment Include creditor's name |
|---|---|---|---|---|
| _____ Insider's Name | _____ | $ _____ | $ _____ | |
| _____ Number    Street | | | | |
| _____ City          State    ZIP Code | | | | |

**Exhibit "1"**
**Page 69**

Debtor 1    LARRY        JACK                    Case number (if known) _____
            First Name    Middle Name    Last Name

---

| Part 4: | Identify Legal Actions, Repossessions, and Foreclosures |
|---------|--------------------------------------------------------|

9. **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

☐ No

☐ Yes. Fill in the details.

| | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| **Case title** Paula Green v. Douglas Emmett<br><br>**Case number** Case no. 20STCV31115 | | Los Angeles Superior Court<br>Court Name<br>111 N. Hill Street<br>Number  Street<br><br>Los Angeles        CA    90012<br>City            State  ZIP Code | Pending<br>On appeal<br>Concluded |
| **Case title** ROBERT GREEN V. PAULA GREEN<br><br>**Case number** LASC CASE NO 20STCV05251 | ALLEGED QUI TAM ACTION. I AM THE ASSIGNEE OF A DEFENSE JUDGMENT IN THE ACTION THAT CURRENTLY HAS A VALUE BETWEEN $145,000 AND $200,000, INCLUDING ATTYS' FEES TO DATE. | LOS ANGELES SUPERIOR COURT<br>Court Name<br>111 N. HILL STREET<br>Number  Street<br>DEPT 69<br>LOS ANGELES        CA    90012<br>City            State  ZIP Code | Pending<br>On appeal<br>Concluded |
| **Case title** LARRY CALDWELL V. MATTHEW GREEN<br><br>**Case number** 24SMCV04015 | AN UNSUCESSFUL DEFAMATION ACTION I FILED AGAINST MATTHEW GREEN, RESULTING IN A DEFENSE VERDICT AND AWARD OF $500 IN COSTS AGAISNT LARRY CALDWELL. | LOS ANGELES SUPERIOR COURT<br>Court Name<br>9355 BURTON WAY<br>Number  Street<br>DEPT 205<br>BEVERLY HILLS        CA    90210<br>City            State  ZIP Code | Pending<br>On appeal<br>Concluded |
| **Case title** FORENSIS GROUP V. LARRY CALDWELL<br><br>**Case number** 24CHLC30720 | LAWSUIT FOR BREACH OF CONTRACT AGAINST LARRY CALDWELL | LOS ANGELES SUPERIOR COURT<br>Court Name<br>0355 BURTON WAY<br>Number  Street<br>DEPT 205<br>BEVERLY HILLS        CA    90210<br>City            State  ZIP Code | Pending<br>On appeal<br>Concluded |
| | Nature of the case | Court or agency | Status of the case |

**Exhibit "1"**
**Page 70**

Debtor 1    LARRY              JACK              CALDWELL                          Case number (*if known*) _____
         First Name        Middle Name       Last Name

| Case title    VERITEXT V. LARRY CALDWELL | BREACH OF CONTRACT AGAINST LARRY CALDWELL BY LEGAL SERVICE PROVIDER | LOS ANGELES SUPERIOR COURT | Pending |
|---|---|---|---|
| | | Court Name | On appeal |
| | | 2425 PENFIELD AVENUE | Concluded |
| Case number  21CHLC29691 | | Number    Street | |
| | | | |
| | | CHATSWORTH      CA    91311 | |
| | | City              State    ZIP Code | |

**10. Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
Check all that apply and fill in the details below.

   No. Go to line 11.

   Yes. Fill in the information below.

| | Describe the property | Date | Value of the property |
|---|---|---|---|
| | | | $ _____ |
| Creditor's Name | | | |
| | Explain what happened | | |
| Number    Street | | | |
| | Property was repossessed. | | |
| | Property was foreclosed. | | |
| City          State    ZIP Code | Property was garnished. | | |
| | Property was attached, seized, or levied. | | |

**11. Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**

   No

   Yes. Fill in the details.

| | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|
| | | | $ _____ |
| Creditor's Name | | | |
| Number    Street | | | |
| | | | |
| City          State    ZIP Code | Last 4 digits of account number: XXXX– _____ | | |

**12. Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?**

   No

   Yes

**Exhibit "1"**
**Page 71**

| Debtor 1 | LARRY | JACK | CARVALHO | Case number (*if known*) | |
| | First Name | Middle Name | Last Name | |

---

| **Part 5:** | **List Certain Gifts and Contributions** |

13. **Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?**

   ☐ No

   ☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|
| _____ <br> Person to Whom You Gave the Gift <br><br> _____ <br> Number    Street <br><br> _____ <br> _____ <br> City        State  ZIP Code <br> Person's relationship to you  _____ | | _____ | $ _____ |

14. **Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?**

   ☐ No

   ☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600 | Describe what you contributed | Date you contributed | Value |
|---|---|---|---|
| _____ <br> Charity's Name <br><br> _____ <br> Number    Street <br><br> _____ <br> _____ <br> City        State  ZIP Code | | _____ | $ _____ |

---

| **Part 6:** | **List Certain Losses** |

15. **Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?**

   ☐ No

   ☐ Yes. Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss <br> Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property.* | Date of your loss | Value of property lost |
|---|---|---|---|
| | | _____ | $ _____ |

---

**Exhibit "1"**
**Page 72**

| Debtor 1 | LARRY | JACK | CAVALLO | Case number (*if known*) _____ |
| | First Name | Middle Name | Last Name | |

---

| **Part 7:** | **List Certain Payments or Transfers** |

**16. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?**

Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

☐ No

☐ Yes. Fill in the details.

| | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| _____ Person Who Was Paid | | _____ | $ _____ |
| _____ Number    Street | | | |
| _____ | | | |
| _____ City           State   ZIP Code | | | |
| _____ Email or website address | | | |
| _____ Person Who Made the Payment, if Not You | | | |

**17. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?**

Do not include any payment or transfer that you listed on line 16.

☐ No

☐ Yes. Fill in the details.

| | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| _____ Person Who Was Paid | | _____ | $ _____ |
| _____ Number    Street | | | |
| _____ | | | |
| _____ City           State   ZIP Code | | | |

**18. Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**

Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property).

Do not include gifts and transfers that you have already listed on this statement.

☐ No

☐ Yes. Fill in the details.

| | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|

**Exhibit "1"**
**Page 73**

| Debtor 1 | LARRY | JACK | CARAVELLO | Case number (*if known*) |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

Person Who Received Transfer

Number    Street

City                              State    ZIP Code

Person's relationship to you

**19. Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?** (These are often called *asset-protection devices*.)

No

Yes. Fill in the details.

| | Description and value of the property transferred | Date transfer was made |
|---|---|---|
| Name of trust _____ | | _____ |

---

**Part 8:    List Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units**

**20. Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

No

Yes. Fill in the details.

| | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| Name of Financial Institution | XXXX– _____ | Checking<br>Savings<br>Money market<br>Brokerage<br>Other<br>_____ | _____ | $ _____ |
| Number    Street | | | | |
| City                State    ZIP Code | | | | |

**21. Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**

No

Yes. Fill in the details.

| | Who else had access to it? | Describe the contents | Do you still have it? |
|---|---|---|---|

Exhibit "1"
Page 74

Debtor 1    LARRY    JACK    CARTER

First Name    Middle Name    Last Name    Case number (*if known*) _____

| Name of Financial Institution | Name | | No |
| | | | Yes |
| Number   Street | Number   Street | | |
| | | | |
| City          State   ZIP Code | City          State   ZIP Code | | |

22. **Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?**

   No

   Yes. Fill in the details.

| | Who else has or had access to it? | Describe the contents | Do you still have it? |
|---|---|---|---|
| | | | No |
| Name of Storage Facility | Name | | Yes |
| Number   Street | Number   Street | | |
| City          State   ZIP Code | City          State   ZIP Code | | |

---

**Part 9:    Identify Property You Hold or Control for Someone Else**

23. **Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.**

   No

   Yes. Fill in the details.

| | Where is the property? | Describe the property | Value |
|---|---|---|---|
| | | | $ _____ |
| Owner's Name | | | |
| Number   Street | Number   Street | | |
| City          State   ZIP Code | City          State   ZIP Code | | |

---

**Part 10:    Give Details About Environmental Information**

For the purpose of Part 10, the following definitions apply:

- *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

- *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

---

**Exhibit "1"**
**Page 75**

| Debtor 1 | LARRY | JACK | CANALE |
|---|---|---|---|
| | First Name | Middle Name | Last Name |

Case number *(if known)* _____

---

■ *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

24. **Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?**

　No

　Yes. Fill in the details.

| | Governmental unit | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| _____<br>Name of site | _____<br>Governmental unit | | _____ |
| _____<br>Number    Street | _____<br>Number    Street | | |
| _____<br>City        State   ZIP Code | _____<br>City        State   ZIP Code | | |

25. **Have you notified any governmental unit of any release of hazardous material?**

　No

　Yes. Fill in the details.

| | Governmental unit | Environmental law, if you know it | Date of notice |
|---|---|---|---|
| _____<br>Name of site | _____<br>Governmental unit | | _____ |
| _____<br>Number    Street | _____<br>Number    Street | | |
| _____<br>City        State   ZIP Code | _____<br>City        State   ZIP Code | | |

26. **Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

　No

　Yes. Fill in the details.

| | Court or agency | Nature of the case | Status of the case |
|---|---|---|---|
| Case title _____ | _____<br>Court Name | | **Pending**<br>**On appeal**<br>**Concluded** |
| Case number _____ | _____<br>Number    Street | | |
| | _____<br>City        State   ZIP Code | | |

---

Exhibit "1"
Page 76

| Debtor 1 | LARRY | JACK | CALDWELL | | Case number (*if known*) | |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

---

**Part 11:**    **Give Details About Your Business or Connections to Any Business**

27. Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?

     A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time

     A member of a limited liability company (LLC) or limited liability partnership (LLP)

     A partner in a partnership

     An officer, director, or managing executive of a corporation

     An owner of at least 5% of the voting or equity securities of a corporation

**No.** None of the above applies. Go to Part 12.

**Yes.** Check all that apply above and fill in the details below for each business.

| | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| CALDWELL LAW FIRM<br>Business Name | LAW PRACTICE | EIN: _____ |
| 1223 WILSHIRE BLVD<br>Number    Street | | |
| #517 | Name of accountant or bookkeeper | Dates business existed |
| SANTA MONICA    CA    90403<br>City           State   ZIP Code | LARRY CALDWELL | From 07/01/1998  To 07/14/2025 |

28. Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.

   No

   Yes. Fill in the details below.

| | Date issued |
|---|---|
| _____<br>Name | _____<br>MM / DD / YYYY |
| _____<br>Number    Street | |
| _____ | |
| _____<br>City         State   ZIP Code | |

---

**Part 12:**    **Sign Below**

I have read the answers on this Statement of Financial Affairs and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Exhibit "1"**
**Page 77**

Debtor 1    LARRY    JACK    CAMPBELL    Case number (*if known*)
       First Name    Middle Name    Last Name

X _____    X _____
    Signature of Debtor 1        Signature of Debtor 2

Date  07/15/2025                 Date  _____

**Did you attach additional pages to Your Statement of Financial Affairs for Individuals Filing for Bankruptcy (Official Form 107)?**

    No

    Yes

**Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?**

    No

    Yes. Name of Person _____ . Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

**Exhibit "1"
Page 78**

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | LARRY | JACK | CALDWELL |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:   Central District of California

Case number
(If known)   _____

Check if this is an
amended filing

Official Form 108

# Statement of Intention for Individuals Filing Under Chapter 7    12/15

If you are an individual filing under chapter 7, you must fill out this form if:

- ■  creditors have claims secured by your property, or
- ■  you have leased personal property and the lease has not expired.

You must file this form with the court within 30 days after you file your bankruptcy petition or by the date set for the meeting of creditors, whichever is earlier, unless the court extends the time for cause. You must also send copies to the creditors and lessors you list on the form.

If two married people are filing together in a joint case, both are equally responsible for supplying correct information.
Both debtors must sign and date the form.

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known).

### Part 1:    List Your Creditors Who Have Secured Claims

1.   **For any creditors that you listed in Part 1 of** *Schedule D: Creditors Who Have Claims Secured by Property* **(Official Form 106D), fill in the information below.**

| Identify the creditor and the property that is collateral | What do you intend to do with the property that secures a debt? | Did you claim the property as exempt on Schedule C? |
|---|---|---|
| Creditor's name:   Capital One | Surrender the property. | No |
| | Retain the property and redeem it. | Yes |
| Description of property securing debt:   2023 Honda HRV automobile | Retain the property and enter into a *Reaffirmation Agreement*. | |
| | Retain the property and [explain]: _____ | |

### Part 2:    List Your Unexpired Personal Property Leases

For any unexpired personal property lease that you listed in *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 106G), fill in the information below. Do not list real estate leases. *Unexpired leases* are leases that are still in effect; the lease period has not yet ended. You may assume an unexpired personal property lease if the trustee does not assume it. 11 U.S.C. § 365(p)(2).

| Describe your unexpired personal property leases | Will the lease be assumed? |
|---|---|
| Lessor's name:  MICHAEL KELLOGG | No |
| Description of leased property:   RESIDENTIAL LEASE FOR MY PRIMARY RESIDENCE, LOCATED AT 903 SEVENTH STREE, APT 11, SANTA MONICA, CA. 90403 | Yes |

Exhibit "1"
Page 79

Debtor 1    LARRY        JACK        CAMBELL        Case number (*if known*) _____

       First Name       Middle Name       Last Name

---

**Part 3:**    **Sign Below**

---

Under penalty of perjury, I declare that I have indicated my intention about any property of my estate that secures a debt and any personal property that is subject to an unexpired lease.

**X** _____      **X** _____

   Signature of Debtor 1                              Signature of Debtor 2

   Date   07/15/2025                          Date _____

        MM /   DD /   YYYY                              MM /   DD /   YYYY

**Exhibit "1"**
**Page 80**

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | LARRY | JACK | CALDWELL |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | | | |
| | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | Central District of California | | |
| Case number (If known) | | | |

# Mailing List

List contains the name and address of each entity included on Schedules D, E/F, G, H and Creditor Information.

| | | |
|---|---|---|
| Capital One | | |
| 7933 Preston Road | | |
| | | |
| Plano | TX | 75024 |
| ACE ATTORNEY SERVICE | | |
| 811 WILSHIRE BLVD | | |
| #900 | | |
| LOS ANGELES | CA | 90017 |
| ASPIRE | | |
| 6805 VISTA DRIVE | | |
| | | |
| WEST DES MOINES | IA | 50266 |
| ATKINSON BAKER | | |
| 5000 N. BRAND BLVD | | |
| 3RD FLR | | |
| GLENDALE | CA | 91203 |
| BANK OF AMERICA | | |
| PO Box 15019 | | |
| | | |
| WILMINGTON | DE | 19850 |
| CITY OF SANTA MONICA | | |
| 1685 Main St | | |
| | | |
| SANTA MONICA | CA | 90401 |
| CREDIT ONE | | |
| P.O. BOX 60500 | | |
| | | |
| CITY OF INDUSTRY | CA | 57555 |
| DOUGLAS SEEMAN | | |
| P.O. BOX 69868 | | |
| | | |
| ORO VALLEY | AZ | 85737 |

| Debtor 1 | LARRY | JACK | CARDUULO | Case number (*if known*) |
| | First Name | Middle Name | Last Name | |

| | | | |
|---|---|---|---|
| FORENSIS GROUP | | | |
| 31348 VIA COLINAS | | | |
| NO. 106 | | | |
| WESTLAKE VILLAGE | CA | | |
| FRANCHISE TAX BOARD | | | |
| P.O. BOX 942840 | | | |
| | | | |
| SACRAMENTO | CA | 94240 | |
| Indenmnity Insurance Co. of North America | | | |
| 436 Walnut Street | | | |
| | | | |
| PHILADELPHIA | PA | 19106 | |
| LOS ANGELES SUPERIOR COURT | | | |
| 111 N. HILL STREET | | | |
| | | | |
| LOS ANGELES | CA | 90012 | |
| MAGNA LEGAL SERVICES | | | |
| 212 AIRLINE DRIVE | | | |
| SUITE 520 | | | |
| METAINE | LA | 70001 | |
| Matthew Green | | | |
| 10940 Wilshire Blvd | | | |
| 16th FLR | | | |
| LOS ANGELES | CA | 90024 | |
| MEA FORENSICS | | | |
| 23281 VISTA GRANDE DRIVE | | | |
| | | | |
| LAGUNA HILLS | CA | 91362 | |
| MERRICK BANK | | | |
| P.O. BOX 660702 | | | |
| | | | |
| DALLAS | TX | 75266-0702 | |
| VERITEXT-PHILLIP LANDSMAN | | | |
| 5776 LINDERO CANYON ROAD | | | |
| | | | |
| WESTLAKE VILLAGE | CA | 91362 | |
| VERTITEXT | | | |
| 707 WILSHIRE BLVD | | | |
| SUITE 3500 | | | |
| LOS ANGELES | CA | 90017 | |

**Mailing List**

**Exhibit "1"**
**Page 82**

| Debtor 1 | LARRY | JACK | CALLAHAN | Case number (*if known*) | |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

| | | | |
|---|---|---|---|
| WILLOW LAKE LENDING | | | |
| P.O. BOX 1142 | | | |
| | | | |
| MISSION | | SD | 57555 |
| MICHAEL KELLOGG | | | |
| 903 SEVENTH STRET | | | |
| APT 17 | | | |
| SANTA MONICA | | CA | 90403 |

**Exhibit "1"**

**Page 83**

Exhibit "2"



| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **LARRY JACK CALDWELL** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | CENTRAL___ District of _CALIFOR |
| Case number | 2:25-BK-16020-NB |
| (if known) | |

☑ Check if this is an amended filing

**Official Form 106C**

# Schedule C: The Property You Claim as Exempt
04/25

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

| **Part 1:** | **Identify the Property You Claim as Exempt** |
|---|---|

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*
   - ☑ You are claiming state and federal nonbankruptcy exemptions. 11 U.S.C. § 522(b)(3)
   - ☐ You are claiming federal exemptions. 11 U.S.C. § 522(b)(2)

2. **For any property you list on** *Schedule A/B* **that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| Brief description: Tools of the trade<br>Line from *Schedule A/B*: 7 | $3,500.00 | ☑ $ 3,500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | CCP 703.140(b)(6) |
| Brief description: CLOTHING<br>Line from *Schedule A/B*: ___ | $725.00 | ☑ $ 725.00<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description: accounts receivable<br>Line from *Schedule A/B*: ___ | $148,000.00 | ☑ $ 30,825.00<br>☐ 100% of fair market value, up to any applicable statutory limit | CCP 703.140(b)(5) |

3. **Are you claiming a homestead exemption of more than $214,000?**
   (Subject to adjustment on 4/01/28 and every 3 years after that for cases filed on or after the date of adjustment.)
   - ☑ No
   - ☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?
     - ☐ No
     - ☐ Yes

**Exhibit "2"**
**Page 84**

| Debtor 1 | LARRY JACK CALDWELL | | Case number (if known) | 2:25-BK-16020-NB |
|---|---|---|---|---|
| | First Name   Middle Name   Last Name | | | |

## Part 2:   Additional Page

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br>*Check only one box for each exemption* | Specific laws that allow exemption |
|---|---|---|---|
| Brief description:  social security benefit<br>Line from *Schedule A/B*: | $   4,000.00 | ☑ $   4,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | CP 703.140(b)(10) |
| Brief description:<br>Line from *Schedule A/B*: | $ | ☐ $<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description:<br>Line from *Schedule A/B*: | $ | ☐ $<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description:<br>Line from *Schedule A/B*: | $ | ☐ $<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description:<br>Line from *Schedule A/B*: | $ | ☐ $<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description:<br>Line from *Schedule A/B*: | $ | ☐ $<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description:<br>Line from *Schedule A/B*: | $ | ☐ $<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description:<br>Line from *Schedule A/B*: | $ | ☐ $<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description:<br>Line from *Schedule A/B*: | $ | ☐ $<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description:<br>Line from *Schedule A/B*: | $ | ☐ $<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description:<br>Line from *Schedule A/B*: | $ | ☐ $<br>☐ 100% of fair market value, up to any applicable statutory limit | |
| Brief description:<br>Line from *Schedule A/B*: | $ | ☐ $<br>☐ 100% of fair market value, up to any applicable statutory limit | |

Official Form 106C          Schedule C: The Property You Claim as Exempt          page 2 of 2

10/3/25

Exhibit "3"

## ASSET PURCHASE AGREEMENT

This Asset Purchase Agreement ("Agreement"), dated as of February 18, 2026, is by and between Matthew Green, on the one hand, and David M. Goodrich, solely in his capacity as Chapter 7 Trustee (the "Trustee") for the bankruptcy estate (the "Estate" or "Seller") of Larry Jack Caldwell (the "Debtor") in Case No. 2:25-bk-16020-NB pending before the United States Bankruptcy Court for the Central District of California, Los Angeles Division (the "Bankruptcy Court"), on the other hand. As used herein, the term "Buyer" shall refer, as applicable, to Matthew Green or any assigned purchaser entity by Matthew Green (collectively referred to herein as, "Green") or the successful overbidder at the hearing before the Bankruptcy Court to approve the Transaction (defined below). Buyer and Seller are referred to herein, collectively, as the "Parties."

Buyer hereby irrevocably agrees to purchase the Assets (defined below in Section II) pursuant to the representations, warranties and agreements set forth in this Agreement and subject to the terms and conditions set forth below (the "Transaction"), including but not limited to an entered order of the Bankruptcy Court approving the Transaction. Buyer acknowledges that this Agreement is subject to acceptance by Seller, overbid at the hearing to be held by the Bankruptcy Court, and Bankruptcy Court approval.

## I.   PURCHASE PRICE, SALE, AND BREAKUP FEE

Buyer and Seller agree that the consideration payable for the Assets is fifty-five thousand eight hundred twenty-five dollars ($55,825.00) (the "Purchase Price"). Within five (5) business days of the execution and delivery of this Agreement, Green shall deposit five thousand five hundred eighty-two dollars and fifty cents ($5,582.50) with the Trustee (the "Deposit"), refundable only if (1) the conditions of the Transaction are not satisfied, (2) Green is not the successful bidder and Buyer in the event overbids are received, or (3) the Agreement, sale of the Assets, and Transaction are not approved by the Bankruptcy Court. If Green is the successful bidder and Buyer, Green shall deposit the balance of the Purchase Price with the Trustee within five (5) business days of the hearing seeking Bankruptcy Court approval of the Transaction wherein Green is the prevailing bidder/Buyer in the Transaction.

Each Party shall be responsible for its own legal, accounting and other fees and expenses related to the transactions contemplated by this Agreement, subject to the immediate following sentence relating to a Break-Up Fee: Should Green not be the successful bidder in the Transaction, and should a sale be consummated to a Buyer other than Green, then the Trustee shall pay to Green (subject to Bankruptcy Court approval) one thousand six hundred seventy-five dollars ($1,675.00) as compensation for Green's out-of-pocket due diligence fees and expenses incurred in connection with the Transaction (the "Break-Up Fee"). The Break-Up Fee shall be paid to Green, by and through his counsel, payable to "Margulies Faith LLP Client Trust Account" within three (3) business days of the Closing of the Transaction to a party other than Green. Further, in such event, the Trustee shall also immediately (within three (3) business days of the entry of an order by the Bankruptcy Court approving a the Transaction wherein Green is not the prevailing bidder/buyer in the Transaction) and said order provides for the return of the entire Deposit to Green.

1

This Agreement is entered into by the Parties with the express understanding that it is subject to approval of the Bankruptcy Court, all applicable provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, and potential overbids by third parties (in which case Green shall also be entitled to participate in the overbidding in his sole discretion). Seller shall not be required to close the sale of the Assets and the Transaction set forth in this Agreement unless and until this Agreement, the sale of the Assets, and the Transaction have been approved by the Bankruptcy Court.

The closing of the Transaction ("Closing") will occur as soon as practicable after the later of (a) full execution of this Agreement by the Parties and (b) entry of an order by the Bankruptcy Court that approves the Agreement, sale of the Assets, and Transaction and any stay of such order, if any has been timely sought and obtained, has been waived or terminated.

## II.    TRANSACTION AND THE ACQUIRED ASSETS

Upon Closing, Buyer shall acquire, and Seller shall irrevocably and unconditionally sell, assign, transfer, and convey all of the Estate's rights, claims, and/or interests in all of the Debtor's accounts receivable including but not limited to the following:

1. Any and all rights, claims, and/or interests in any accounts receivable, whatsoever, owing (including those related to quantum meruit work) to the Debtor (and including any dba and/or sole proprietorship of the Debtor) by Paula R. Green (or any entity owned or controlled by Paula R. Green, or any successor, assign, and/or alias of Paula R. Green or any entity owned or controlled by Paula R. Green) and/or Dorothy Green (or Dorothy Green's estate, successors, or assigns), including but not limited to any and all of the Debtor's rights, claims, and/or interests in the asset listed in the Debtor's Schedule B in the Bankruptcy Case as: "APPROXIMATELY $3,000 IN ACCOUNTS RECEIVABLE FOR WORK ALREADY PERFORMED. I HAVE A JUDGMENT FOR APPROXIMATELY $145,500 IN ATTORNEYS' FEES AND COST, AND ADDITIONAL APPROXIMATELY $50,000 IN ATTORNEYS' FEES AND COSTS I HAVEN'T SOUGHT COURT APPROVAL OF YET IN LASC CASE NO. 20STCV05251 AGAINST ROBERT GREEN. ALL OTHER LEGAL WORK IS DONE ON A CONTINGENT FEE BASIS." (collectively, the "Accounts Receivable");

2. The Debtor's rights, claims, and/or interests, if any, to any interpleaded funds in *Paula R. Green v. Warriner Green & Riley, et al.* [Case No. 22STCV09969], pending before the Superior Court of California, County of Los Angeles (collectively, the "Interpleaded Funds"); and

3. The Judgment entered against Robert Green and in favor of Paula R. Green in *Robert Green v. Paula Green* [Case No. 20STCV05251] by the Superior Court of California, County of Los Angeles, which was subsequently assigned to the Debtor, and any and all alleged and potential claims related thereto (collectively, the "Judgment").

2

The Estate's rights, claims, and/or interests in all of the Debtor's accounts receivable, including but not limited to the Accounts Receivable, Interpleaded Funds, and Judgment, shall collectively be referred to herein as the "Assets."

The Parties agree that Buyer is acquiring only the Assets and rights and interests related thereto, and that Buyer is not acquiring or assuming, nor shall it be deemed to have acquired or assumed, any liabilities or obligations, including lien obligations, of Seller or the Debtor of any kind or nature, whatsoever, whether known or unknown, existent or future, arising out of, or in connection with, the Assets or this Transaction.

## III.    REPRESENTATIONS AND WARRANTIES

**EXCEPT AS OTHERWISE SPECIFICALLY SET FORTH IN THIS AGREEMENT, THE TRUSTEE MAKES NO REPRESENTATIONS OR WARRANTIES WHATSOEVER, EXPRESS OR IMPLIED, WITH RESPECT TO ANY MATTER RELATING TO THE ASSETS, AND BUYER WILL ACCEPT THE ASSETS AT CLOSING "AS-IS, WHERE-IS" AND "WITH ALL FAULTS" WITHOUT ANY REPRESENTATIONS OR WARRANTIES, EXPRESS OR IMPLIED.**

## IV.    FREE AND CLEAR SALE

The sale Assets shall be free and clear of any liens, claims, or encumbrances pursuant to 11 U.S.C. § 363(f). Under the Transaction, the Trustee shall proceed diligently and expeditiously to file a motion (the "Sale Motion") as soon as possible, but in any event not later than ten (10) days following full execution of this Agreement by the Parties, seeking the Bankruptcy Court's approval hereof, subject to higher and better offers, providing for the sale of the Assets to Buyer. The Trustee shall proceed diligently to obtain approval by the Bankruptcy Court as soon as possible thereafter upon regular notice, consistent with applicable rules and the Bankruptcy Court's calendar.

## V.    MISCELLANEOUS

1.    **Governing Law.** This Agreement shall be governed by and construed in accordance with the internal laws of the State of California, without giving effect to choice of law principles of the State of California. This Bankruptcy Court shall retain jurisdiction to enforce any and all disputes relating to this Agreement.

2.    **Counterparts; Electronic Delivery.** This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Receipt by facsimile, scanned copy or portable document format (PDF) of any executed signature page to this Agreement shall constitute effective delivery of such signature page.

3.    **Headings.** The headings of the sections of this Agreement are for convenience and shall not by themselves determine the interpretation of this Agreement.

3

**Exhibit "1"**
**Page 88**

4.      **Survival of Warranties**. The warranties and representations of the Parties contained in or made pursuant to this Agreement shall survive the execution and delivery of this Agreement and the Closing; provided, however, that such representations and warranties need only be accurate as of the date of such execution and delivery and as of each Closing.

5.      **Amendment of Agreement**.  Any provision of this Agreement may be amended only by a written instrument signed by the Buyer and the Trustee.

6.      **Entire Agreement; Successors, Nominees, and Assigns**. This Agreement constitute the entire understanding between the Trustee and Green in relation to the subject matter hereof. Any prior and contemporaneous agreement, discussion, understanding or correspondence between the Trustee and Green regarding the purchase of the Assets is superseded by this Agreement. The terms and conditions of this Agreement shall inure to the benefit of and be binding upon the respective executors, administrators, heirs, successors, nominees and assigns of the Parties.

7.      **Trustee's Capacity**. The Trustee is signing this solely in his capacity as Chapter 7 trustee. Nothing herein shall in any way impute liability to the Trustee personally, or anyone acting on his behalf, including, but not limited to Golden Goodrich LLP, his attorneys of record, Marshack Hays Wood LLP, administrators, brokers, and staff.

8.      The Parties, and each of them, agree to enter into and/or provide any and all documents as may be reasonably requested to effectuate the transfer and sale of the Assets under the Transaction to the successful Buyer.

**IN WITNESS WHEREOF**, the Parties have duly executed this Agreement as of the date first written above.

MATTHEW GREEN

_____
Matthew Green

BANKRUPTCY ESTATE OF LARRY JACK CALDWELL

_____
David M. Goodrich, Chapter 7 Trustee for the
bankruptcy estate of Larry Jack Caldwell

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **MOTION FOR ORDER AUTHORIZING SALE OF CERTAIN ASSETS UNDER 11 U.S.C. § 363; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID M. GOODRICH AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 3, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On **March 3, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR**
LARRY JACK CALDWELL
903 SEVENTH ST, APT 11
SANTA MONICA, CA 90403

**INTERESTED PARTY**
MATTHEW GREEN
10940 WILSHIRE BLVD., 16TH FLOOR
LOS ANGELES, CA 90024-3910

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **March 3, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**PRESIDING JUDGE'S COPY – VIA OVERNIGHT MAIL:**
HONORABLE NEIL W. BASON
UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
EDWARD R. ROYBAL FEDERAL BUILDING AND COURTHOUSE
255 E. TEMPLE STREET, SUITE 1552 / COURTROOM 1545
LOS ANGELES, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 3, 2026 | Cynthia Bastida | /s/ Cynthia Bastida |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                      **F 9013-3.1.PROOF.SERVICE**

**2. SERVED BY UNITED STATES MAIL**: CONTINUED

- **CHAPTER 7 TRUSTEE: David M Goodrich (TR)**    dgoodrich@go2.law,
  c143@ecfcbis.com;dgoodrich11@ecf.axosfs.com;lrobles@go2.law
- **ATTORNEY FOR DOUGLAS EMMETT MANAGEMENT, LLC, BARRINGTON PACIFIC, LLC, ESIS, INC.,
  INDEMNITY INSURANCE COMPANY OF NORTH AMERICA: Peter L Isola**    pisola@hinshawlaw.com,
  rmojica@hinshawlaw.com,iking@hinshawlaw.com
- **ATTORNEY FOR DOUGLAS EMMETT MANAGEMENT, LLC, BARRINGTON PACIFIC, LLC, ESIS, INC.,
  INDEMNITY INSURANCE COMPANY OF NORTH AMERICA: Craig G Margulies** craig@marguliesfaithlaw.com,
  Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Drew@MarguliesFaithLaw.com
- **ATTORNEY FOR DOUGLAS EMMETT MANAGEMENT, LLC, BARRINGTON PACIFIC, LLC, ESIS, INC.,
  INDEMNITY INSURANCE COMPANY OF NORTH AMERICA: Jonathan Serrano**
  Jonathan@MarguliesFaithLaw.com, vicky@marguliesfaithlaw.com;angela@marguliesfaithlaw.com
- **CLAIMS PROCESSOR FOR AIS PORTFOLIO SERVICES, LLC, BANKRUPTCY SERVICER FOR CAPITAL
  ONE AUTO FINANCE, A DIVISION OF CAPITAL ONE, N.A.: Amitkumar Sharma**    amit.sharma@aisinfo.com
- **U.S. TRUSTEE: United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **ATTORNEY FOR CAPITAL ONE AUTO FINANCE, A DIVISION OF CAPITAL ONE, N.A.: Jennifer C
  Wong**    bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com
- **ATTORNEY FOR CHAPTER 7 TRUSTEE: David Wood**    dwood@marshackhays.com,
  dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;spineda@ecf.courtdrive.com;alinares@ecf.courtdri
  ve.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**